J-S12034-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TREVOR MATTIS, | : | |
| | : | |
| Appellant | : | No.  2174 EDA 2015 |

Appeal from the PCRA Order July 21, 2015,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-1020081-1989

BEFORE:    MUNDY, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED FEBRUARY 24, 2016**

Trevor Mattis (Appellant) appeals from the order entered on July 21, 2015, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court previously summarized the relevant background underlying this matter as follows.

> On September 15, 1988, [Appellant] and a Jamaican male known as [Mikey Donovan] arrived at a house located at 7116 Louise Street [located in the City of Philadelphia] for the purpose of selling drugs.  Already present in the house were the victim, Mead Johnson, the victim's brother, Paul White, and Franklin Watson.  An argument ensued between [the victim] and [A]ppellant concerning who should be permitted to sell drugs from that particular location.  [The victim] left the house to retrieve some clothing from the trunk of his car.  As [the victim] was in the process of opening his trunk to retrieve the clothing, he was shot several times in the back at close range.

---

*Retired Senior Judge assigned to the Superior Court.

[Appellant was arrested and charged with first degree murder, criminal conspiracy, possession of instrument of crime and violation of the Uniform Firearms Act.] The Commonwealth attempted to prove that [A]ppellant fired the fatal shots through the eyewitness testimony of White and Watson….

At trial, White and Watson testified [A]ppellant shot the victim. In direct contradiction to the witnesses' testimony, [A]ppellant testified Mikey Donovan was the shooter. On January 20, 1990[, A]ppellant was convicted of all charges. Following his conviction, post-verdict motions were filed. Trial counsel then withdrew from the case and new counsel filed supplemental motions. Hearings were held on the motions on July 12 and July 23, 1991….

… On July 23, 1991 the trial court denied the motions…. Following the denial of post-verdict motions, Appellant was sentenced to a term of life imprisonment for murder and to concurrent terms of imprisonment of five (5) to ten (10) years for conspiracy, two and one-half (2 1/2) to five (5) years for possession of instrument of crime and six (6) to twelve (12) years for the firearm violation. This Court affirmed the judgment of sentence, ***Commonwealth w. Mattis,*** 616 A.2d 717 (Pa. Super. 1992) (unpublished memorandum), and no petition for allowance of appeal was filed with the Pennsylvania Supreme Court.

***Commonwealth v. Mattis***, 742 A.2d 207 (Pa. Super. 1999) (unpublished memorandum at 1-4) (citation and footnotes omitted).

Appellant's first two PCRA petitions did not result in relief. He *pro se* filed his third PCRA petition on September 30, 2011. The PCRA court's denial of the third petition is the focus of this appeal.

On June 4, 2012, Appellant asked the PCRA court to place the petition on hold to allow him to obtain information about a potential witness. On June 28, 2014, Appellant, through counsel, filed an amended PCRA petition.

According to the amended petition, on September 27, 2011, Appellant received in the mail the affidavit of Kirk Crump. In short, the affidavit stated that Crump witnessed the 1988 shooting of Mead Johnson and that Mikey Donovan was the shooter. Appellant argued that the affidavit provided him with a meritorious claim of after-discovered evidence and that his petition was timely filed pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). Appellant eventually filed two supplements to his PCRA petition.

The Commonwealth responded to the petition by filing a motion to dismiss, wherein it contended, *inter alia*, that Appellant untimely filed the petition. Appellant replied to the motion to dismiss. On June 3, 2015, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907(1) that it intended to dismiss Appellant's petition without holding an evidentiary hearing. Then, on July 21, 2015, the court denied Appellant's petition.

Appellant timely filed a notice of appeal. In his brief to this Court, Appellant asks us to consider one question, namely, "Is [A]ppellant entitled under the Constitutions of the United States and Pennsylvania to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing on the basis of exculpatory after-discovered evidence of eyewitness Kirk Crump?" Appellant's Brief at 4.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. ***Commonwealth v. Anderson***, 995 A.2d

- 3 -

1184, 1189 (Pa. Super. 2010). We first must determine whether Appellant timely filed his PCRA petition.

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." *Chester*, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over … the substantive claims.'" *Id.* (quoting *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005)).

This Court affirmed Appellant's judgment of sentence on July 14, 1992. Appellant had 30 days to petition our Supreme Court for allowance of appeal. Pa.R.A.P. 1113(a). He did not do so. Thus, for purposes of the PCRA, Appellant's judgment became final in August of 1992. He therefore had until August of 1993 to file timely a PCRA petition.

Because Appellant untimely filed his PCRA petition in September of 2011, he had the burden of pleading and offering to prove one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Regarding his substantive claim, Appellant maintains that Crump's affidavit qualifies as after-discovered evidence. As to the PCRA's timeliness exceptions, Appellant pled in his petition and contends on appeal that his petition fits within the "newly-discovered fact" exception found at 42 Pa.C.S. § 9545(b)(1)(ii). Appellant however fails to provide an adequately-developed argument as to what fact or facts, upon which his substantive claim is predicated, were previously unknown to him.

After review, we conclude that the ultimate fact underlying Appellant's after-discovered-evidence claim is that Mikey Donovan shot the victim. Appellant's trial testimony establishes that he was aware of this "fact" since the 1988 shooting. Indeed, Appellant testified at his trial that Mikey Donovan shot the victim. N.T., 7/20/1990, at 409-11. Thus, Appellant cannot now successfully contend that this fact was unknown to him until he received Crump's affidavit in 2011. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) ("[T]he focus of 'newly-discovered-fact' exception is on the newly discovered facts, not on a newly discovered or

newly willing source for previously known facts.") (citations and quotation marks omitted).

Furthermore, the trial transcripts make clear that a "Kirk" or "Kurt" was present at the scene of the shooting in 1988. Indeed, in summarizing the trial testimony, Appellant states that, shortly before the shooting, "Kirk Crump broke up the confrontation and [A]ppellant and Mikey withdrew from the location." Appellant's Brief at 9. Thus, Appellant has known of Crump's presence at the scene of the shooting since 1988. Consequently, to the extent that Appellant could and does argue that his newly discovered fact is that Crump witnessed Mikey shoot the victim, Appellant fails to present a persuasive argument as to why he could not have learned that fact earlier by the exercise of due diligence. *See Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa. Super. 2012) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due.").

For these reasons, Appellant's petition does not fit within the exception found at 42 Pa.C.S. § 9545(b)(1)(ii). Consequently, the petition was untimely filed, and the PCRA court did not err by denying it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/24/2016