J-S69015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONNELLY JOSEPH LEBLANC | |
| Appellant | No. 548 MDA 2016 |

Appeal from the PCRA Order entered March 14, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0003488-2008

BEFORE:  STABILE, DUBOW, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 23, 2016**

Appellant, Donnelly Joseph LeBlanc, appeals from the order the Court of Common Pleas of Lancaster County entered on March 14, 2016 dismissing his second petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The procedural history of the case can be summarized as follows.[1] Following a trial, on July 15, 2009, a jury convicted Appellant of two counts

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Unless otherwise specified, the information relating to the procedural history of the case comes from this Court's November 1, 2010 memorandum, which was issued in connection with Appellant's direct appeal (***Commonwealth v. LeBlanc***, No. 165 MDA 2010 (Pa. Super. filed Nov. 1, 2010)), the PCRA Court Opinion of March 14, 2016, issued in connection with the instant appeal, and this Court's memorandum issued in connection with Appellant's appeal from the denial of Appellant's first collateral relief
*(Footnote Continued Next Page)*

of involuntary deviate sexual intercourse, two counts of aggravated indecent assault on a person less than 16 years of age, and two counts of corruption of minors. After a hearing, on December 28, 2009, the trial court adjudicated Appellant a Sexually Violent Predator. On the same date, the trial court sentenced Appellant to an aggregate sentence of 25 to 50 years' imprisonment. Appellant appealed to this Court on January 26, 2010. We affirmed the judgment of sentence on November 1, 2010. *See Commonwealth v. LeBlanc*, No. 165 MDA 2010 (Pa. Super. filed Nov. 1, 2010). Our Supreme Court denied Appellant's petition for allowance of appeal on June 7, 2011. *See Commonwealth v. LeBlanc*, 22 A.3d 1052 (Pa. 2011).

Appellant filed a *pro se* PCRA petition on July 13, 2011. Counsel (Vincent J. Quinn, Esq.) was appointed on July 22, 2011. Appellant filed a supplemental *pro se* petition on August 4, 2011, and another one on May 15, 2012. A counseled amended PCRA petition ("First Amended PCRA petition") was filed on June 11, 2012. Appellant filed a *pro se* supplemental PCRA petition on September 14, 2012.

The PCRA court filed a notice of intent to dismiss Appellant's First Amended PCRA petition on December 3, 2012. On December 20, 2012, the PCRA court granted Attorney Quinn's motion to withdraw. New counsel

*(Footnote Continued)* ─────────────

petition (*Commonwealth v. LeBlanc*, No. 2127 MDA 2014 (Pa. Super. filed September 2, 2015)).

(Christopher P. Lyden, Esq.) was appointed on January 9, 2013. Appellant filed a *pro se* response to the notice on January 17, 2013. The PCRA Court did not act to dismiss the original and supplemental PCRA petitions or schedule a hearing. In the meantime, however, Attorney Lyden filed two motions to withdraw, one on February 13, 2013, and a second one on April 8, 2013. The PCRA court eventually granted the second request. On April 10, 2013, the PCRA court appointed new counsel (R. Russell Pugh, Esq.).

On June 3, 2013, new PCRA counsel (same as in this appeal) filed a request for an extension of time to file an amended PCRA petition. The PCRA court granted the request, setting October 1, 2013, as the deadline for the filing of said amended petition. On October 3, 2013, two days after the expiration of the deadline, Appellant filed a Second Amended PCRA petition. A hearing on the Second Amended PCRA petition (the instant petition) was rescheduled several times in 2014, in part because of repeated motions for recusal filed by Appellant.

On June 19, 2014, Appellant filed his third motion for recusal, asking the presiding court to recuse itself from the deliberation of the merits of instant PCRA petition given that the instant petition contained allegations of ineffectiveness against Appellant's trial counsel, Merrill Spahn, Esq., who had been recently elected to the bench as Judge of the Court of Common Pleas of Lancaster County. The third motion for recusal was eventually granted, and a visiting judge was appointed to hear the instant matter.

The new presiding judge scheduled a hearing on the instant PCRA Petition for October 20, 2014. On that day, following a hearing, noting that no final order had been entered on Appellant's First Amended PCRA petition, the PCRA court entered an order dismissing the First Amended PCRA petition based on the reasons given by the PCRA court in its opinion accompanying the Rule 907 notice, *see* Pa.R.Crim. 907 Opinion, 12/3/12, at 1-29, and granted Appellant the right to appeal the order. In the same order, the PCRA court "also noted a stipulation between the parties that the only matters for consideration by the [c]ourt in the Second Amended Petition were those contained in Subparagraphs 5, 6, and 8 of Paragraph 10-A of that Petition; all other issues raised by [Appellant] were considered withdrawn." PCRA Court Opinion, 3/14/16, at 4.

On November 20, 2014, following correspondence from Appellant indicating that he wished to appeal from the dismissal of his First Amended PCRA petition, the PCRA court entered an order staying the proceedings on the Second Amended PCRA petition until resolution of Appellant's appeal from the denial of his First Amended PCRA petition.

On appeal from the denial of the First Amended PCRA petition, upon review, we affirmed. *See Commonwealth v. LeBlanc*, No. 2127 MDA 2014 (Pa. Super. filed September 2, 2015). Appellant did not seek further review. Accordingly, on October 20, 2015, the PCRA court lifted the stay imposed on the proceedings relating to the Second Amended petition. *See* PCRA Court Order, 10/20/15. After consideration of Appellant's Second

- 4 -

Amended PCRA petition, the Commonwealth's response thereto, and the evidence and testimony elicited at the October 20, 2014 hearing, the PCRA court denied Appellant's Second Amended petition on March 14, 2016. This appeal followed.

On appeal, Appellant raises the following issues:

A. Whether the second [sic] PCRA Court erred in dismissing the "Second" Amended PCRA [sic] for untimeliness when the original PCRA [sic] was timely and contained all of the issues raised in the second amended petition[.]

B. Whether the [c]ourt erred in dismissing the Second Amended PCRA [sic] where trial counsel failed to present an alibi witness at trial[.]

Appellant's Brief at 4.

We must first determine whether we have jurisdiction to entertain the instant petition.[2] To make such a determination, we must ultimately establish whether the instant petition (*i.e.*, the Second Amended PCRA

_____

[2] All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **See Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

petition) is separate and distinct from the First Amended PCRA petition, or a mere refinement of the First Amended PCRA petition. The determination is important because if the instant petition merely supplemented the First Amended PCRA petition, then the instant petition is timely. If it is not a refinement, but more precisely a separate and distinct petition, then the instant petition is untimely.

Appellant argues that the instant petition is merely a "refinement" of all petitions (counseled and *pro se* supplements, including the First Amended PCRA petition) filed up to that point. Appellant's Brief at 10. Indeed, Appellant notes, the instant petition, which includes all issues raised in the First Amended PCRA petition, was filed while the First Amended PCRA petition was still pending.

A review of the record belies Appellant's claim, and supports the PCRA court's finding that the first and the second amended petitions are distinct and separate, and that Appellant never challenged how these petitions were treated. To this end, the PCRA court noted:

> Although [Appellant] has not argued the point, we recognize that [Appellant] could have argued the October 3, 2013, Second Amended PCRA Petition was not a second or subsequent Petition under the Act but rather yet another supplement to his first timely Petition filed on July 13, 2011. We emphasize several points to rebut that claim. First, the claims raised by [Appellant]'s Second Amended Petition filed October 3, 2013 addressed none of the claims asserted in [Appellant]'s original, timely-filed Petition and supplements. Second, our Order of October 20, 2014, which formally dismissed the timely-filed petition considered by Judge Wright in his December 3, 2012

Opinion, clearly treated [Appellant]'s Second Amended petition filed on October 3, 2013 as a second or subsequent petition.

PCRA Court Opinion, 3/14/16, at 6 n.3 (emphasis added).[3]

We agree. At the hearing held on the instant petition, the PCRA court specifically granted Appellant the right to appeal the denial of the First Amended PCRA petition, if he so wished, and the parties and the court focused their attention on the issues raised in the instant petition, as orally amended. Throughout the entire hearing, neither Appellant nor counsel for Appellant raised an issue with the characterization of the instant petition as a second petition, the PCRA court's granting of the right to appeal the First Amended PCRA petition, and/or the fact that the parties and the court were proceeding on a limited number of issues. If Appellant had issue with any of the above, Appellant should have objected at that time. Not only did Appellant fail to object at that time, but he also did not object at any time before the PCRA court. For the foregoing reason, the claim is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013) ("Appellant's separation of powers

---

[3] Despite the PCRA court explicitly stating that Appellant did not raise the instant issue, Appellant did not deem it necessary to include a statement of the place of raising or preserving the issue, violating in the process Pa.R.A.P. 2117(c) and Pa.R.A.P. 2119(e).

claim, which was raised for the first time in his appellate brief before this Court, is also waived.").

The record also supports the PCRA court's finding that the two petitions are clearly distinct and separate. In his First Amended PCRA petition, Appellant raised the following issues: (1) Direct appeal counsel was ineffective for not challenging the trial court's alleged evidentiary ruling error in preventing trial counsel from impeaching victim on prior instances of lying; (2) trial counsel was ineffective for failing to object to police misconduct; (3) direct appeal counsel was ineffective for failing to challenge the trial court's abuse of discretion in imposing consecutive sentences; (4) trial counsel was ineffective for failing to object or move for dismissal on the grounds that the Commonwealth had engaged in prosecutorial misconduct by introducing testimony that was contradicted by the Commonwealth's expert witness; (5) trial counsel was ineffective for failing to litigate that there was prosecutorial misconduct when agents for the Commonwealth instructed victim's mother, "a potentially critical defense witness," that she should have no contact with Appellant; (6) trial counsel was ineffective for failing to properly impeach and challenge the credibility of certain Commonwealth witnesses; (7) trial counsel was ineffective for failing to seek and obtain the interview notes of the attorney for the Commonwealth; and (8) the Commonwealth engaged in prosecutorial misconduct by failing to disclose exculpatory evidence or, in the alternative, if the Commonwealth

provided the exculpatory evidence to defense counsel, trial counsel was ineffective for failing to utilize said exculpatory evidence. **See** First "Amended Motion for Post-Conviction Collateral" [sic], 6/11/12, at 4-10.

In his Second Amended petition, as per Appellant's stipulation, **see** PCRA Court Opinion, 3/14/16, at 4 and N.T. Hearing on Appellant's Second Amended PCRA Petition, 10/20/14, at 12, Appellant raised three instances of ineffective assistance of counsel.[4] Namely, trial counsel was ineffective for (1) "expressing ill will and contempt for his client to the District Attorney's Office via e-mail; (2) for "failing to employ available evidence to impeach [the victim];" and (3) for "failing to call Larry S[o]llenberger, as [an alibi] witness." Second Amended Petition for Post-Conviction Relief, 10/3/13, at 2.

The record, therefore, supports the PCRA court's finding that none of the issues raised in Appellant's Second Amended PCRA petition were raised in Appellant's First Amended PCRA petition. Thus, for the foregoing reasons, we conclude the instant petition is distinct and separate from the First Amended PCRA petition, and the PCRA court did not err in treating them accordingly.

---

[4] While Appellant raised ten issues in the instant petition, at the hearing scheduled for the instant petition, Appellant abandoned all issues except the three issues quoted herein.

Next, we must determine whether the instant PCRA petition is timely. We conclude it is not. Appellant's judgment became final on the expiration of the time for seeking review before the United States Supreme Court (September 5, 2011). *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct. Rule 13. Appellant, therefore, had one year from that date to file a timely PCRA petition (*i.e.*, by September 5, 2012). The instant petition, which was filed October 3, 2013,[5] is therefore facially untimely.

An otherwise untimely petition could still be addressed if any of the three exceptions to the PCRA time-bar are met. Here, Appellant did not plead let alone prove he met any of the exceptions. Accordingly, we must conclude, as the PCRA court, that the instant petition is untimely.[6]

---

[5] Notably, nowhere does Appellant explain why the instant petition was filed beyond the October 1, 2013 deadline set by the PCRA court in its June 4, 2013 Order. *See* PCRA Court Order, 6/4/13.

[6] Even if we were to address the merits of the only challenge raised in this appeal, namely, whether trial counsel was ineffective for failing to call an alibi witness, we would have affirmed on the reasons articulated by the PCRA court. *See* PCRA Court Opinion, 3/14/16, at 13-15. Specifically, the PCRA court noted that trial counsel was aware of the alibi witness. However, based on the interviews with the witness, trial counsel elected not to call said witness because his testimony would not have been helpful to his case. *Id.* at 14-15. We agree. The witness would have testified that Appellant stayed at one of his apartments in Marietta (approximately 20 minutes away from Manheim, the location where the abuses took place) for a maximum of two weeks in early November 2007. N.T. Hearing, 10/10/14, at 17. The victim, however, indicated that the abuse took place between November 1, 2007 and the end of January 2008. PCRA Court Opinion, 3/8/16, at 14. The testimony, therefore, would not have been helpful with regard to the relevant time-frame. Additionally, even if he were staying at that
*(Footnote Continued Next Page)*

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/23/2016

---

*(Footnote Continued)* ————————————

apartment, that fact alone would not have eliminated the possibility of Appellant's criminal conduct. Appellant, in fact, was able to come and go from the Marietta apartment. N.T. Hearing, 10/10/14, at 25-26, 47. In light of the foregoing, the PCRA court found that "counsel's decision to not call Sollenberger was reasonable strategy, and that the failure to call an unhelpful witness certainly did not prejudice [Appellant]." PCRA Court Opinion, 3/14/16, at 14-15. In light of the applicable standard for reviewing challenges of ineffective assistance of counsel, *see Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779-80 (Pa. Super. 2015) (*en banc*), we would have concluded that Appellant failed to prove his trial counsel was ineffective for not calling the alibi witness.