J-S69014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL A. FERGUSON | |
| Appellant | No. 203 MDA 2016 |

Appeal from the PCRA Order entered October 14, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at Nos: CP-22-CR-0001353-1996;
CP-22-CR-0001354-1996; CP-22-CR-0001355-1996

BEFORE:  STABILE, DUBOW, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:        **FILED DECEMBER 23, 2016**

Appellant, Paul A. Ferguson, appeals from the order the Court of Common Pleas of Dauphin County entered on October 14, 2015 dismissing his second petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

We summarized the factual background of this matter in our memorandum addressing Appellant's direct appeal.  Accordingly, we need not repeat it here.  **See Commonwealth v. Ferguson**, 358 HGB 1997 (Pa. Super. filed June 9, 1998).  Briefly, Appellant was involved in a home invasion, followed by assaultive conduct on the residents.  At the time of the crimes, Appellant was 15-years old.  After a trial, a jury found Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

guilty of two counts of criminal attempt (homicide), three counts of aggravated assault, and one count of burglary. The trial court sentenced Appellant to an aggregate term of incarceration of 36 years to 72 years. On June 9, 1998, this Court reversed Appellant's conviction on one of the counts of aggravated assault and remanded for resentencing. *Id.* The Supreme Court denied the Commonwealth's petition for allowance of appeal. *Commonwealth v. Ferguson*, 734 A.2d 392 (Pa. 1998).

Following resentencing, Appellant was sentenced to an aggregate term of 30 years to 60 years' imprisonment. Appellant appealed again to this Court. We affirmed. *See Commonwealth v. Ferguson*, 542 MDA 99 (Pa. Super. filed November 18, 1999). The Supreme Court denied Appellant's petition for allowance of appeal on April 11, 2000. *Commonwealth v. Ferguson*, 757 A.2d 928 (Pa. 2000).

On May 22, 2001, Appellant filed his first PCRA petition, which the PCRA court dismissed on April 2, 2002. Appellant appealed to this Court. We affirmed on June 3, 2003. *See Commonwealth v. Ferguson*, 953 MDA 2002 (Pa. Super. filed June 3, 2003).

Appellant filed the instant PCRA petition on December 8, 2014. The PCRA court dismissed the petition on October 14, 2015. This appeal followed.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error."

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (1999)).

Appellant acknowledges that the instant PCRA petition is facially untimely. However, he alleges that since his sentence is illegal under **Apprendi**[1] and/or **Alleyne**,[2] the PCRA time-bar does not apply. We disagree. **Apprendi** and **Alleyne** do not apply retroactively to cases pending on collateral review. **See Commonwealth v. Washington,** 142 A.3d 810, 819-20 (Pa. 2016). Accordingly, **Apprendi** and **Alleyne** do not provide any support for Appellant's timeliness argument.

Appellant also argues that **Miller**[3] is relevant to the issue of timeliness of his PCRA petition. Even if **Miller** makes his petition timely, Appellant has no claim under **Miller**. **Miller** held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." **Miller**, 132 S.Ct. at 2460. As noted above, Appellant was not sentenced to life without parole. As such, reliance on **Miller** is misplaced.

_____

[1] **Apprendi v. New Jersey**, 530 U.S. 466 (2000) (holding that any facts, other than the fact of a prior conviction, that subject a defendant to any additional penalty beyond a statutory maximum must be submitted to a jury and be found proved beyond a reasonable doubt).

[2] **Alleyne v. United States**, 133 S. Ct. 2151 (2013) (holding that a jury must find beyond a reasonable doubt any fact triggering a mandatory minimum sentence).

[3] **Miller v. Alabama**, 132 S.Ct. 2455 (2012).

Because the instant PCRA petition is patently untimely, and Appellant failed to prove he met any of the exceptions to the timeliness requirements, we cannot review the merits of Appellant's challenges. **Chester**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/23/2016