J-S24016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PETER MICHAEL KARENBAUER | |
| Appellant | No. 929 WDA 2016 |

Appeal from the PCRA Order Entered May 27, 2016
In the Court of Common Pleas of Lawrence County
Criminal Division at No: CP-37-CR-0000642-1995

BEFORE: PANELLA, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 08, 2017**

Appellant, Peter Michael Karenbauer, appeals from the May 27, 2016 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

On July 31, 1996, at the conclusion of a nine-day trial, a jury found Appellant guilty of first-degree murder and imposed a sentence of death. The victim, eight-year-old Lacey Johnson, was repeatedly stabbed and then drowned in a bathtub. Appellant confessed to the killing and relied on a diminished capacity defense at trial. Our Supreme Court affirmed the judgment of sentence on July 22, 1998. ***Commonwealth v. Karenbauer***, 715 A.2d 1086 (Pa. 1998), *cert. denied*, 526 U.S. 1021 (1999). On

_____

[*] Former Justice specially assigned to the Superior Court.

September 23, 2002, the trial court resentenced Appellant to life in prison without parole pursuant to **Atkins v. Virginia**, 536 U.S. 304 (2002), wherein the United States Supreme Court held that imposing the death penalty on a mentally retarded person violates the Eighth Amendment of the United States Constitution.[1]  The September 23, 2002 resentencing mooted many issues Appellant raised in a PCRA petition that was pending at the time.  On September 29, 2004, this Court issued a memorandum affirming the PCRA court's denial of relief on the remaining pending collateral issues. **Commonwealth v. Karenbauer**, 1119 WDA 2003 unpublished memorandum (Pa. Super. filed September 24, 2004).  Subsequently, Appellant filed an unsuccessful *habeas corpus* petition in federal court.

Appellant filed the instant petition on June 19, 2013.  Appointed counsel filed an amended petition on November 8, 2013.  Appellant seeks relief based on alleged newly discovered evidence, a 1995 Lawrence County Coroner's report.  Appellant alleges his petition is timely because he first received the report and learned of its contents on April 18, 2013.  On May

_____

[1]  At trial, the Commonwealth conceded that Appellant was mildly mentally retarded.  Our Supreme Court held that Appellant's mental impairment was to be weighed by the jury, along with other pertinent factors, during the penalty phase.  **Karenbauer**, 715 A.2d at 1091.  The jury found several aggravating factors and several mitigating factors, including Appellant's mental impairment, and ultimately imposed the death penalty.  The Commonwealth conceded, based on Appellant's mental impairment, that he was entitled to a life sentence under **Atkins**.

27, 2016, the PCRA court entered an order dismissing the petition as untimely. This appeal followed. Appellant raises three assertions of error:

> (a) The exception(s) of 42 Pa.C.S.A. §§ 9545(b)(ii)/(b)(2) apply to fulfill the timeliness requirement(s) of the PCRA statute for the filing of Petitioner's […] PCRA petition.

> (b) The Office(s) of the Lawrence County PA District Attorney and/or the Pennsylvania Attorney General Office committed prosecutorial misconduct in the refusal to disclose exculpatory evidence by failing to provide the 1995 Lawrence County PA Coroner Report prior to trial and/or in previous post-conviction proceeding(s) in this case.

> (c) Prior defense counsel was ineffective in failing to introduce medical expert evidence from a psychiatric physician during pre-trial proceeding(s) to evaluate [Appellant's] mental health condition as it may have affected statements made in his false 'confession(s)' in support of a 'diminished capacity' defense previously raised in the case.

Appellant's Brief at 15-16.

On review, we must determine whether the record supports the PCRA court's findings of fact, and whether its order is free from legal error. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012). The PCRA court lacks jurisdiction to entertain any petition filed more than one year after the finality of the judgment of sentence. 42 Pa.C.S.A. § 9545(b)(1). As set forth above, the trial court re-sentenced in 2002. He filed this facially untimely petition in 2013. The PCRA provides several exceptions to the one-year time bar, including a petition based on facts

which "were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii).

Appellant bases his petition on a 1995 coroner's report pertaining to the victim. The coroner's report lists the victim's date of death as July 17, 1995—the date the victim's body was found—whereas Appellant confessed to killing her on July 16, 1995. Also, the report does not list drowning as the cause of death. In this respect, it is inconsistent with the autopsy report and expert evidence the Commonwealth introduced at trial. At a hearing on Appellant's petition, former Lawrence County Cororner Russel Noga explained that his contemporaneous handwritten report indicates that the date of death was July 16. N.T. Hearing, 4/4/14, at 39-40. He attributed the date in the printed report to a secretarial error that he failed to notice before filing the report. *Id.* In any event, Appellant believes that the discrepancies between the coroner's report and Appellant's confession support his argument that he gave a false confession because of his mental impairment.

We agree with the PCRA court's conclusion that Appellant's petition is untimely. The PCRA court correctly noted that the coroner's report was not within the exclusive control of the prosecution. Rather, the report is a public document, pursuant to 16 P.S. § 1251 ("Every coroner, within thirty (30) days after the end of each year, shall deposit all of his official records and papers for the preceding year in the office of the prothonotary for the

inspection of all persons interested therein.").  Our Supreme Court has held that matters of public record cannot be previously unknown facts for purposes of § 9545(b)(1)(ii).  ***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006).  This Court has held, however, that the presumption of access to public information does not apply if the petitioner is a *pro se* prisoner when the information becomes publicly available.  ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa. Super. 2015)(*en banc*), ***affirmed***, 2017 WL 1149203 (Pa. March 28, 2017).  ***Burton*** does not apply here, because Appellant was represented by counsel in early 1996 when the victim's autopsy report became available.

Given the foregoing, Appellant cannot establish that the facts in the coroner's report were unknown to him and/or that he could not have discovered them sooner through the exercise of due diligence.  Appellant seeks to avoid this result by asserting in his brief that there is "no proof" that the Lawrence County Coroner's office complied with its obligation under § 1251.  Appellant's Brief at 30.  We remind Appellant that the PCRA statute requires the **petitioner** to bear the burden of pleading and proving the applicability of its timeliness exceptions.  42 Pa.C.S.A. § 9545(b)(1). Appellant therefore bore the burden of proving that the report was not made available in accord with § 1251, and, if it was not, that Appellant acted with due diligence in challenging the coroner's alleged failure to comply with

§ 1251. Appellant has produced no evidence that the coroner failed to make the report available.

The PCRA court observed:

Here, it is clear that [Appellant] was aware of the existence of the coroner's report for years before the time that he began his efforts to seek a copy. The reference to the coroner's report in police reports established that his trial counsel was aware of the report at the time of trial. Although [Appellant] has not cited the governmental interference exception of § 9545(b)(1)(i) as a basis for his claim of timeliness, trial counsel's awareness would preclude the application of the governmental interference exception since trial counsel was aware of the report. It is apparent that its nondisclosure was simply due to the fact that neither the Commonwealth nor trial counsel viewed it as being exculpatory, particularly since [Appellant] did not dispute that he killed the victim[….] Further, [...] the awareness of the report at the time of trial and [Appellant's] failure to seek a copy of it for many years after its creation establishes a lack of due diligence by [Appellant] in obtaining that evidence. [Appellant] had simply failed to address why, with the exercise of due diligence, he could not have obtained the coroner's report at a much earlier date.

PCRA Court Opinion, 5/27/16, at 16. Appellant has failed to carry his burden of pleading and proving the applicability of a timeliness exception. We therefore affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 6 -

Date:  6/8/2017