895 A.2d 520

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Frank CHESTER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 6, 2005.

Decided March 21, 2006.

Daniel Silverman, for Frank Chester, appellant.

Michelle Ann Henry, Doylestown, Amy Zapp, Harrisburg, Robert Douglas James, for the Com., appellee.

Before: CAPPY, C.J., CASTILLE, NEWMAN, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

470

*OPINION*

Chief Justice CAPPY.

Appellant filed his second petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–46, in the Court of Common Pleas of Bucks County, Criminal Division ("PCRA court"). The PCRA court dismissed the petition as untimely, and this direct appeal followed. For the reasons set forth below, we affirm.

Appellant and his co-defendant, Richard Laird, were tried together and convicted of, *inter alia,* first-degree murder and were sentenced to death. On direct appeal, this Court affirmed the convictions and sentences. *Commonwealth v. Chester,* 526 Pa. 578, 587 A.2d 1367 (1991). On November 12, 1991, the Supreme Court of the United States denied Appellant's petition for writ of certiorari. *Chester v. Pennsylvania,* 502 U.S. 959, 112 S.Ct. 422, 116 L.Ed.2d 442 (1991). Appellant subsequently filed his first PCRA petition, and the PCRA court denied that petition. On appeal, this Court affirmed. *Commonwealth v. Chester,* 557 Pa. 358, 733 A.2d 1242 (1999). Appellant then filed a *pro se* petition for writ of habeas corpus in the federal courts, and current counsel was appointed. While preparing to represent Appellant, current counsel discovered that Appellant's trial counsel was arrested for driving under the influence ("DUI") only days after entering his appearance on behalf of Appellant. Shortly after making this discovery, Appellant filed his second PCRA petition, claiming, *inter alia,* that trial counsel's arrest created a conflict of interest and that by failing to inform him of trial counsel's arrest and conflict of interest, the prosecution violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

After a hearing, the PCRA court dismissed the petition, holding that, because Appellant's petition was untimely, it lacked jurisdiction to entertain the merits of Appellant's substantive claims. The PCRA court specifically concluded that the petition did not meet any of the statutory exceptions to the PCRA's one year jurisdictional time-bar for filing a PCRA

petition. In the alternative, the PCRA court reasoned that Appellant either previously litigated or waived all of his claims under his conflict of interest theory. Appellant then appealed to this Court.[1]

 Appellant filed the instant PCRA petition on February 2, 2001, well after the effective date of the 1995 amendments to the PCRA. The petition, therefore, is governed by the PCRA as amended. *Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 586 (1999). Under the amended PCRA, all petitions, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment became final, unless one of the three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Yarris*, 731 A.2d at 586. The PCRA's time restrictions are jurisdictional in nature. *Id.* (citing *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638, 641 (1998)). Thus, "[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa.2005) (citations omitted).

Here, Appellant's judgment became final on November 12, 1991, when the Supreme Court of the United States denied Appellant's petition for writ of certiorari. 42 Pa.C.S § 9545(b)(3). Appellant filed the instant PCRA petition more than eight years later. Accordingly, the petition is untimely, unless Appellant pled and proved one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

1. We directly review the denial of post-conviction relief in death penalty cases under 42 Pa.C.S. § 9546(d). Questions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*. *See Commonwealth v. Cruz*, 578 Pa. 325, 852 A.2d 287, 292 (2004).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition invoking an exception provided in 42 Pa.C.S. § 9545(b)(1) must be filed within sixty days of the date that the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

■ Appellant first avers that his petition meets the requirements of 42 Pa.C.S. § 9545(b)(1)(ii) since his discovery of trial counsel's DUI arrest amounts to "newly discovered evidence." According to Appellant, the Commonwealth stipulated below that he filed the instant PCRA petition within sixty days of discovering this evidence, and therefore, the only question relevant to determining whether he has proven that this evidence qualifies as "newly discovered evidence" is whether the evidence "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). In this regard, Appellant argues that due diligence should not include placing a burden on a criminal defendant to investigate the criminal record of his or her trial counsel for possible conflicts of interest, particularly when the trial court and the prosecution allegedly had this information in their possession.

The Commonwealth takes the position, as did the PCRA court, that the exercise of due diligence would have resulted in Appellant discovering trial counsel's arrest. In the Commonwealth's view, the simple act of checking the clerk of courts' file would have revealed to Appellant that trial counsel had been arrested and prosecuted for DUI.

In order for Appellant's argument to succeed, he was required to plead and prove that "the facts upon which [his] claim is predicated were *unknown* to [him] and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.

§ 9545(b)(1)(ii) (emphasis added). The fact that the Commonwealth does not dispute Appellant's assertion that he did not "discover" trial counsel's arrest for DUI until January 29, 2001 does not equate to the Commonwealth stipulating that, for purposes of the 42 Pa.C.S. § 9545(b)(1)(ii), trial counsel's arrest was "unknown" to Appellant. This Court has held that, for purposes of 42 Pa.C.S. § 9545(b)(1)(ii), information is not "unknown" to a PCRA petitioner when the information was a matter of public record. *See Commonwealth v. Lark,* 560 Pa. 487, 746 A.2d 585, 588 n. 4 (2000) (holding that the Baldus–Woodworth study is not "newly discovered evidence" for purposes of the 42 Pa.C.S. § 9545(b)(1)(ii) because "the statistics which comprise the study were of public record and cannot be said to have been 'unknown' to Appellant"); *Commonwealth v. Whitney,* 572 Pa. 468, 817 A.2d 473, 476 (2003) (same). Here, the fact that trial counsel was arrested for DUI was a matter of public record and, therefore, cannot be said to have been "unknown" to Appellant for purposes of the PCRA's "newly discovered evidence" exception to the PCRA's one year jurisdictional time-bar.[2] Accordingly, the PCRA court properly determined that Appellant's argument under the "newly discovered evidence" exception fails.

■ Next, Appellant argues that the "governmental interference" exception applies to his petition. In order to meet the statutory requirements of the "governmental interference" exception to the PCRA's one year jurisdictional time-bar, Appellant was required to plead and prove that his "failure to raise the claim [or claims] *previously* was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this

---

2. With all due respect to Mr. Justice Baer, we do not hold that "criminal defendants are generally responsible for the arduous task of uncovering the criminal record of their attorney, where no basis for such discovery exists." Concurring Opinion 586 Pa. at 476, 895 A.2d at 525. Simply, we hold that as a PCRA petitioner pleading the "newly discovered evidence" exception to the PCRA's one year jurisdictional time-bar, Appellant failed to meet his burden of proving that the facts upon which his claim is predicated were "unknown" to him. Our holding, therefore, only applies to Appellant, a PCRA petitioner, and his burdens regarding 42 Pa.C.S. § 9545(b)(1)(ii).

Commonwealth or the Constitution or laws of the United States . . . ." 42 Pa.C.S. § 9545(b)(1)(i) (emphasis added).

Appellant's argument under this exception is not entirely clear. In his brief to this Court, Appellant avers that both the District Attorney's Office and the trial court judge were aware of trial counsel's arrest and conflict of interest; that both of these government officials had "constitutionally-based" obligations to make Appellant aware of this information; and that these officials failed to fulfill their constitutional obligations to inform Appellant of this information. Appellant reasons that "these particular government officials interfered with [Appellant's] ability to raise this claim any sooner than he did." Appellant's brief at 31. Furthermore, Appellant challenges the PCRA court's determination that, because the evidence at issue is not exculpatory, the Commonwealth was not required by *Brady* to disclose the evidence to him. Appellant characterizes this determination as a non-sequitur. In his view, the issue under this exception is merely whether, "under the PCRA, [Appellant] was prevented from discovery by the acts or omissions of government officials." Appellant's brief at 32. In closing, Appellant submits that this Court should rule that a prosecutor must disclose to a defendant evidence within his or her possession which creates a conflict of interest on the part of the defendant's attorney and that when a prosecutor (or a trial court) fails to disclose such information, that withholding of information constitutes governmental interference.[3] The Commonwealth's argument in response to this claim essentially mirrors the rationale employed by the PCRA court in rejecting Appellant's "governmental interference" claim.

We cannot perceive how Appellant's failure to raise his claims *previously* was the result of interference by govern-

---

3. We note that there is a significant measure of bootstrapping in Appellant's arguments regarding the PCRA's exceptions to the one year jurisdictional time-bar. In order to conclude that the Commonwealth interfered with Appellant's ability to bring his conflict of interest claim by failing to inform him of the alleged conflict of interest, this Court first would have to determine that a conflict of interest indeed existed. To determine as much would require the Court to reach the merits of Appellant's underlying substantive claims before resolving whether the Court has jurisdiction to entertain those very claims.

ment officials with the presentation of the claims. Appellant does not contend, for instance, that the Commonwealth had exclusive control over information regarding trial counsel's arrest and that the Commonwealth denied him access to this information until recently. As stated above, trial counsel's arrest was a matter of public record and was just as available to Appellant and his previous counsel as it was to Appellant and his current counsel. It, therefore, cannot be said that Appellant could not have brought his claims *previously* as the result of any alleged interference by governmental officials. For these reasons, we hold that the PCRA court properly determined that Appellant's argument under the "governmental interference" exception fails.

Appellant's PCRA petition is untimely on its face, and Appellant has failed to plead and prove that his petition meets the requirements of the statutory exceptions to the PCRA's jurisdictional time-bar. This Court and the PCRA court, therefore, lack jurisdiction to consider Appellant's substantive claims. Accordingly, this Court affirms the order of the PCRA court dismissing Appellant's second PCRA petition.

Justice CASTILLE, SAYLOR and EAKIN join the opinion.

Justice BAER files a concurring opinion in which Justice NEWMAN and BALDWIN join.

Justice BAER, concurring.

As I agree with the overall disposition of the majority opinion, I write separately only to distance myself from the broad view espoused by the majority with regard to the after-discovered evidence exception to the Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. Whereas the majority would find that counsel's DUI arrest was public record, and therefore, generally discoverable through an exercise of due diligence on the part of Appellant, I would find that the particular circumstances of this case lead to the conclusion that PCRA counsel, through the exercise of diligence, should have uncovered counsel's DUI arrest. Specifically, the allegations made by PCRA counsel in Appellant's first PCRA peti-

tion indicate that by exercising due diligence, PCRA counsel would have further uncovered trial counsel's criminal history. Thus, I would not go so far as the majority does to hold that criminal defendants are generally responsible for the arduous task of uncovering the criminal record of their attorney, where no basis for such discovery exists. For the following reasons, I concur.

The majority opinion posits that trial counsel's DUI arrest could not be characterized as "unknown" to Appellant because the information was a matter of public record. I believe, however, that there is danger in placing such an onerous burden on a criminal defendant to search public records to determine whether there are pending charges against his attorney during that defendant's trial. Rather, in affirming, I would rely solely upon the record *sub judice,* and conclude that if where, as here, PCRA counsel, who represented Appellant at his first PCRA hearing, had exercised due diligence, he would have uncovered trial counsel's DUI arrest. Because PCRA counsel for Appellant alleged during the first PCRA proceeding that trial counsel had a substance abuse problem and had been suspended from practicing law, there was some basis upon which to suspect that further investigation of trial counsel may have uncovered relevant information. Thus, based on this knowledge, PCRA counsel, through the exercise of due diligence, could reasonably have discovered the DUI arrest which was of record at the time.

In this regard, the PCRA court below noted the following: While [Appellant] argues that he could not have reasonably been expected to know about trial counsel's criminal conduct, our review of the record indicates that [Appellant] raised the issue of trial counsel's purported 'substance abuse' problem in his first PCRA petition. In addition, following the first PCRA hearing, [Appellant] filed a Motion to Re-open the Record wherein [Appellant's] counsel asserted that he was aware that [Appellant's trial attorney] had been suspended from the practice of law prior to the first PCRA hearing. Certainly these facts placed [Appellant] or his counsel on notice that some infraction of the law oc-

curred. Given that notice the defendant had every opportunity to raise that substance abuse problem in the context of a criminal record. [Appellant] has not demonstrated that information concerning [trial counsel's] criminal record was not known or knowable to him at the time of trial or shortly thereafter, let alone at the time of his first PCRA when he specifically raised substance abuse problems.

Trial Court Op. at 11. (footnote omitted.)

As such, I concur, finding that the facts surrounding the case *sub judice* pointed to the possibility of trial counsel's criminal conduct which could have been revealed through the exercise of diligence, rather than finding that the DUI arrest was public record and, therefore, automatically discoverable.

Justice NEWMAN and BALDWIN join this opinion.