J-S61034-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JUSTIN M. BECK, :
:
Appellant : No. 691 WDA 2014

Appeal from the PCRA Order April 1, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0002646-2010

BEFORE: FORD ELLIOTT, P.J.E., WECHT and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED OCTOBER 07, 2014**

Justin M. Beck (Appellant) appeals from the order entered on April 1, 2014, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The background underlying this matter can be summarized in the following manner. A jury convicted Appellant of aggravated assault, simple assault, recklessly endangering another person, and endangering the welfare of a child. The trial court sentenced Appellant on July 11, 2011. On August 31, 2012, this Court affirmed the judgment of sentence. ***Commonwealth v. Beck***, 60 A.3d 587 (Pa. Super. 2012) (unpublished memorandum). Appellant did not petition our Supreme Court for allowance of appeal.

* Retired Senior Judge assigned to the Superior Court.

On February 3, 2014, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant. Counsel then requested leave to withdraw his representation.

On March 11, 2014, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss Appellant's PCRA petition without holding an evidentiary hearing. The court concluded that Appellant untimely filed the petition. On April 1, 2014, the court formally dismissed Appellant's petition.

The court did not rule on counsel's petition to withdraw. Counsel, therefore, timely filed a notice of appeal on Appellant's behalf. The PCRA court directed Appellant to comply with Pa.R.A.P. 1925(b), and Appellant subsequently filed a Pa.R.A.P. 1925(b) statement. In his brief to this Court, Appellant asks us to consider one question, namely, "Whether the [PCRA] court erred in denying PCRA relief based on the finding of untimeliness?" Appellant's Brief at 2 (unnecessary capitalization omitted).

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Chester*,

895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." **Chester**, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Id.** (*quoting* **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005)).

This Court affirmed Appellant's judgment of sentence on August 31, 2012. Appellant had 30 days to petition our Supreme Court for allowance of appeal. Pa.R.A.P. 1113(a). He did not do so. Thus, for purposes of the PCRA, Appellant's judgment became final on October 1, 2012. He, therefore, had until October 1, 2013, in order to file timely a PCRA petition.

Because Appellant untimely filed his PCRA petition on February 3, 2014, he had the burden of pleading and offering to prove one of the following exceptions.

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Appellant's PCRA petition did not allege specifically any of the statutory exceptions to the PCRA's one year time bar. Appellant's petition does mention that his counsel never informed him that this Court affirmed his judgment of sentence. According to Appellant, he learned that this Court affirmed his judgment of sentence 14 months after that event occurred.

In his brief to this Court, Appellant invokes the exception found at 42 Pa.C.S. § 9545(b)(1)(i). Appellant essentially asserts that counsel was ineffective for failing to inform him that this Court affirmed his judgment of sentence, that counsel's ineffectiveness constitutes governmental interference, and that his petition, therefore, fits within the Subsection 9545(b)(1)(i) exception.

Even if we assume *arguendo* that Appellant's petition sufficiently alleged this exception, he is not entitled to relief. For purposes of the PCRA, the term "government officials" does not include defense counsel. 42 Pa.C.S. § 9545(b)(4). Consequently, Appellant's claim regarding the ineffectiveness of his counsel does not qualify his petition as timely filed under Subsection 9545(b)(1)(i). We, therefore, conclude that the PCRA court properly dismissed Appellant's PCRA petition as untimely filed.

Order affirmed.

J-S61034-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014