J-S15008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MANUEL ORTIZ | |
| Appellant | No. 1516 MDA 2014 |

Appeal from the PCRA Order August 11, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003548-1994

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED APRIL 29, 2015**

Manuel Ortiz appeals from the order entered in the Court of Common Pleas of Lancaster County denying his petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  Because this Court does not have jurisdiction to review Ortiz's petition, we affirm the PCRA court's order.

On July 10, 1995, Ortiz was convicted of second-degree murder and sentenced to life imprisonment without the possibility of parole.  On direct appeal, this Court affirmed Ortiz's judgment of sentence.  Thereafter, Ortiz filed PCRA petitions in 1997, 2001, 2006 and 2010, all of which the PCRA court denied.  On August 20, 2012, following the United States Supreme Court's decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012), Ortiz filed a fifth PCRA petition.  The Court in **Miller** held that "the Eighth Amendment

forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Id*. at 2469. The PCRA court denied Ortiz' fifth petition, concluding that it was untimely filed under the PCRA. *See Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013) (holding constitutional right announced in *Miller v. Alabama* is not retroactively applicable to cases on collateral appeal).[1] *See also Com. v. Cristina*, --- A.3d ----, 2015 WL 1730538 (Pa. Super.), 2015 PA Super 74. Consequently, Ortiz cannot rely upon *Miller* or subsection 9545(b)(iii) to establish jurisdiction over his untimely PCRA petition in any Pennsylvania court. We are bound by *Cunningham*. Therefore, we are without jurisdiction to review Ortiz's petition. *See Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) ("The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

---

[1] The United States Supreme Court has since denied certiorari in *Cunningham*. *See Cunningham v. Pennsylvania*, 134 S.Ct. 2724 (U.S. 2014). However, on March 23, 2015, the Supreme Court granted certiorari in *Montgomery v. Louisiana*, –––U.S. ––––, 2015 WL 1280236 (2015), which again presents the *Miller* retroactivity question. Nonetheless, until the United States Supreme Court issues its decision, we are bound by *Cunningham*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2015