J-S64003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCISCO MOJICA | |
| Appellant | No. 453 EDA 2016 |

Appeal from the PCRA Order entered January 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0744031-1991

BEFORE: STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 13, 2016**

Appellant, Francisco Mojica, appeals *pro se* from the January 22, 2016 order entered in the Court of Common Pleas of Philadelphia County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

We summarized the underlying factual background in our memorandum issued in connection with Appellant's direct appeal. Briefly, Appellant and his accomplice, Tomas Vasquez (Appellant's brother), while in the process of burglarizing a residence to steal weapons, were discovered by the victim. An exchange of gunfire took place, killing the victim and wounding Appellant and his accomplice. Following a bench trial, Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

was convicted of second degree murder, criminal conspiracy, burglary, and robbery. On direct appeal, we affirmed Appellant's judgments of sentence for second degree murder, criminal conspiracy, and burglary, but vacated the sentence on the robbery conviction because the sentence on the robbery conviction should have merged with the sentence on the conviction of murder in the second degree. *See Commonwealth v. Mojica*, 1960 Philadelphia 1996 (Pa. Super. filed January 29, 1998). The Supreme Court denied *allocatur* on November 5, 1998. *See Commonwealth v. Mojica*, 711 A.2d 1041 (Pa. 1998).

On December 7, 1999, Appellant filed his first PCRA petition, which the PCRA court dismissed on January 25, 2002.[1] This Court affirmed the dismissal on October 16, 2003. *See Commonwealth v. Mojica*, 1062 EDA 2002 (Pa. Super. filed October 16, 2003). On July 8, 2015, Appellant filed the instant petition, which the PCRA court dismissed on January 22, 2016, as untimely. This appeal followed.

---

[1] "[Appellant] filed a previous PCRA [petition], which resulted in restoration of his appellate rights to appeal his judgment of sentence. For the purposes of the PCRA, this petition constitutes [Appellant]'s first PCRA petition." PCRA Court Memorandum Order and Opinion, 1/22/16, at 1 n.1.

On appeal, Appellant essentially raises two issues: (i) the PCRA court erred in finding that his PCRA petition was untimely and (ii) the PCRA court erred in not holding a hearing on his PCRA petition.[2]

In connection with his first claim, Appellant openly acknowledges that his PCRA petition is facially untimely. However, he argues that he pleaded and proved he met the "newly discovered" fact exception to the PCRA time bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).[3] We disagree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to

---

[2] In his Pa.R.A.P. 1925(b) statement Appellant also alleged ineffective assistance of counsel. Appellant, however, did not renew his challenge before us. Accordingly, we conclude Appellant abandoned this challenge, and we will not address it in this memorandum.

[3] "[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***See Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).

Appellant argues that the new fact discovered is a statement from his brother, Tomas Vasquez,[4] who, approximately twenty years after Appellant's judgment became final, exonerates Appellant from any criminal responsibility for the underlying crimes. Appellant is not entitled to relief.

The mere identification of a "new fact" is not in itself sufficient to meet the alleged "newly discovered" exception. Indeed, before Appellant may avail himself of this exception, he must first establish that the facts upon which the claim is predicated were unknown and that he could not have ascertained those facts by the exercise of due diligence. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (internal citations and quotations omitted).

In the present case, Appellant asserts that the new "facts," as conveniently revisited by his brother in the affidavit,[5] were unknown to him.

---

[4] Tomas Vasquez was tried separately and convicted of third degree murder for his role in the crimes committed with Appellant.

[5] The PCRA court also properly noted:
*(Footnote Continued Next Page)*

Regardless of credibility issues, which we do not assess here, Appellant fails

to indicate what efforts, if any, he undertook to ascertain the supposedly

unknown facts. Indeed, his brief is devoid of any statement to that effect.

The PCRA court also noted

> Since [Appellant] and Mr. Vasquez agree that they were together at the time of the incident in 1991, [Appellant] was fully aware of Mr. Vasquez's existence at the time of the incident. [Appellant] has not demonstrated what steps he took, if any, in the last 24 years to contact Mr. Vasquez and obtain his testimony. In fact, [Appellant] admits that Mr. Vasquez recanted his statement after [Appellant]'s trial but before Mr. Vasquez went on trial for these same charges two years later. Therefore, [Appellant] should have raised this issue at that time, and pursued his claim in a timely fashion.

PCRA Court Memorandum Order and Opinion, 1/22/16, at 4 (citation and

footnote omitted).

A review of record, therefore, shows that Appellant failed to explain

what steps he took to pursue this matter. Accordingly, Appellant failed to

(Footnote Continued) ─────────

> Upon review of [Mr.] Vasquez's affidavit, it is unclear what part of his testimony is being used to invoke the after discovered fact evidence. Mr. Vasquez's testimony essentially aligns with the testimony at trial. Most of his statement addresses the unfairness in the discrepancy in their sentences where [Appellant] was convicted of second degree murder and Mr. Vasquez, the shooter, was convicted of third degree murder. However, Mr. Vasquez's complaints and grievances do not amount to an after-discovered fact that invokes this exception.

PCRA Court Memorandum Order and Opinion, 1/22/16, at 4 n.5 (citation omitted).

prove that he met the requirements for the newly discovered fact exception. *Cf. Bennett*, 930 A.2d at 1272; *see also Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) ("Due diligence demands that the petitioner take reasonable steps to protect his own interests."). Thus, we conclude that we have no jurisdiction to entertain Appellant's PCRA petition, and that the PCRA court did not err in dismissing the instant PCRA petition as untimely.

Regarding the second claim of error (*i.e.*, PCRA court failed to hold a hearing on Appellant's PCRA petition), the PCRA court did not err in dismissing the petition without a hearing. *See Commonwealth v. Marshall*, 947 A.2d 714, 723 (Pa. 2008) ("As explained *supra*, we have concluded that [a]ppellant's petition was untimely, and accordingly the PCRA court properly determined that it had no jurisdiction to entertain it. We therefore also must conclude that the PCRA court did not err in dismissing [a]ppellant's petition without a hearing.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016

- 6 -