J-A21038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD CARRINGTON WILLIAMS | |
| Appellant | No. 1806 WDA 2016 |

Appeal from the PCRA Order November 2, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0001124-1992

BEFORE:  BENDER, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED  NOVEMBER 9, 2017**

Appellant, Richard Carrington Williams, appeals *pro se* from the November 2, 2016 order entered in the Court of Common Pleas of Fayette County ("PCRA court") dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, as untimely.  Upon review, we affirm.

The instant PCRA petition filed by Appellant is his third PCRA petition. This Court affirmed the denial of Appellant's first PCRA petition on September 1, 1998, and our Supreme Court denied allocator on April 23, 1999.  **See Commonwealth v. Williams**, 738 A.2d 457 (Pa. 1999); **Commonwealth v. Williams**, 726 A.2d 1085 (Pa. Super. 1998).  Appellant filed the instant PCRA petition, his third, on September 15, 2016.  The PCRA court issued a Pa.R.Crim. P. 907 notice on October 6, 2016, and Appellant

filed a response on October 19, 2016. The PCRA court dismissed Appellant's petition on November 2, 2016. Appellant timely appealed and filed a Pa.R.A.P. 1925(b) statement on December 11, 2016. The PCRA court issued a Pa.R.A.P. 1925(a) opinion on December 16, 2016. On October 2, 2017, Appellant filed an application for relief in this Court.

Appellant raises four issues on appeal, which we repeat verbatim.

[I.] The trial court erred in arbitrarily dismissing the petition for new trial based on after discovered evidence, and alibi, where the court failed to perform a factual finding, and resolve credibility issues of the evidence, evidence content, etc. ?

[II.] The trial court erred in dismissing the motion for new trial where the court failed to determine the layered ineffective assistance in relation to counsels ineffectiveness in failing to investigate or present alibi evidence and those grounds stated in the motion for new trial after discovered evidence and the PCRA petition. ?

[III.] The Appellant was denied an independent determination regarding Appellant's request for recusal, due to misconduct or contamination issue's also such determination not being made by an independent judge of the court?

[IV.] Appellant denied effective assistance of counsel on appeal. Where the Superior Court in Appellant's case stated the following, "We hold this matter waived as not being fully developed in the argument section of the brief." The trial court has not applied **Penson v. Ohio**, to it' determination in dismissing regarding ineffective assistance of counsel. There being layered ineffective assistance of counsel, all prior counsels failure to raise the issue. Layered ineffective assistance establishes extraordinary circumstances. ? (Counsels failure to seek change of venue/having been denied jury of peers).

Appellant's Brief at 3.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). These "restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). Further, "an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting *Commonwealth v. Colavita*, 993 A.2d 874, 887 (Pa. 2010)).

Three exceptions exist to the timeliness requirement of the PCRA. These exceptions are

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this

section and has been held by that court to apply retroactively;

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Appellant asserts the newly discovered fact exception in his motion. Specifically, that he informed trial counsel, prior to trial, that James Gibson was an alibi witness. Appellant asserts that the PCRA court erred because it failed to hold a hearing to determine if this after discovered evidence satisfies the PCRA's timeliness exception. The PCRA court properly noted that this claim is patently untimely as Appellant raised this claim in his first PCRA petition in 1997. **See** Order, 10/6/16, at 2. Thus, not only was Appellant unable to meet the newly discovered fact exception, the issue is waived because it had been previously litigated. **See** 42 Pa.C.S.A. § 9544(a)(3). Therefore, the PCRA court was without jurisdiction to hear Appellant's petition and Appellant's claims fail.

Order affirmed. Application for relief filed denied.[1]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

---

[1] On October 2, 2017, Appellant filed a "request for information and for permission to supplement already filed brief or petition for remand due to recently decided case." In light of our disposition, the application is denied.

Date:  <u>11/9/2017</u>