J-S17042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE GODFREY | : | |
| | : | |
| Appellant | : | No. 1619 EDA 2021 |

Appeal from the PCRA Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0710991-1990

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 20, 2022**

Appellant, Jesse Godfrey, appeals *pro se* from the July 15, 2021 order entered in the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The PCRA court summarized the relevant background as follows.

On April 30, 1991, [Appellant] was found guilty of second-degree murder and related offenses.  He was sentenced to life imprisonment on February 14, 1994[.]  The Pennsylvania Superior Court subsequently affirmed the trial court's judgment of sentence on June 30, 1998.  [Appellant] did not seek further [] review.

[Appellant] filed his first *pro se* petition for collateral relief pursuant to [the PCRA] on March 2, 2000.  Counsel was appointed

and subsequently filed a "no merit" letter. On April 24, 2001, the PCRA court dismissed [Appellant]'s PCRA petition.[1]

On November 20 2017, [Appellant] filed the instant *pro se* petition. [The PCRA] court sent a notice of its intent to dismiss the petition as untimely without exception on May 4, 2021. The PCRA petition was formally dismissed by [the PCRA court] on July 15, 2021. [Appellant] timely filed a notice of appeal to the Superior Court on August 4, 2021.

PCRA Court Opinion, 11/7/21, at 1-2 (footnotes omitted).

On appeal, the main thrust of Appellant's argument is that direct appeal counsel failed to file a petition for allowance of appeal.[2]

_____

[1] Subsequently, Appellant filed two additional PCRA petitions (in 2003 and 2012, respectively), both of which we dismissed due to Appellant's failure to file a brief.

[2] In his PCRA petition, Appellant also claims that first PCRA counsel was ineffective for not challenging trial counsel's effectiveness. Specifically, Appellant argues that trial counsel should have challenged Appellant's "mental illness" at the time he waived his **Miranda** rights. PCRA Petition, 11/20/17, at 3. We note that trial counsel's effectiveness in connection with Appellant's alleged mental issues was raised on direct appeal. Upon review, we concluded that Appellant was not entitled to relief. **See Commonwealth v. Godfrey**, 1865 Phila 1997 (Pa. Super. June 30, 1998) (unpublished memorandum). Thus, to the extent Appellant challenges trial counsel's effectiveness, the claim has been already litigated.

Because trial counsel was not ineffective, PCRA counsel could not have raised a meritless claim of ineffectiveness of trial counsel. Accordingly, the only issue left for our review is direct appeal counsel's ineffectiveness for failure to file a petition for allowance of appeal. Regarding this claim, as represented in his PCRA petition, however, we must note that Appellant failed to develop it in a meaningful way. Indeed, Appellant provides no facts or legal authority in support of his claim. Generally, undeveloped claims are waived. However, we decline to do so because, as explained below, Appellant failed to establish our jurisdiction over his claim.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v.* (*Frank*) *Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

Before we can address the ineffective assistance claim, we must determine whether we have jurisdiction to entertain the instant PCRA petition.

As noted above, Appellant filed the instant petition on November 20, 2017, approximately nineteen years after his judgment of sentence became final. As such, the instant petition is facially untimely.[3]

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[4]

Appellant failed to address the applicability of any exception to the time bar, whether in the petition itself or in his brief before us. Thus, because the instant petition is facially untimely, and given that Appellant failed to plead and establish the applicability of one of the exceptions named above, we

_____

[3] The record reflects that the trial court imposed a sentence of life imprisonment on February 14, 1994. We affirmed Appellant's judgment of sentence on June 30, 1998. The record does not reflect that Appellant sought review in our Supreme Court. Accordingly, Appellant's judgment of sentence became final on July 30, 1998, at the expiration of the thirty-day period to file an appeal with the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Appellant had one year from July 30, 1998, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). The instant petition, which was filed in 2017, is therefore facially untimely.

[4] Section 9545(b)(2) was amended to enlarge the deadline from sixty days to one year. However, the amendment applies only to claims arising on or after December 24, 2017. Therefore, it does not apply to Appellant's claim.

- 4 -

conclude that we lack jurisdiction to decide Appellant's petition. ***See***

***Chester***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2022