J-S27009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN ANTONIO CRUZ | : | |
| | : | |
| Appellant | : | No. 225 EDA 2022 |

Appeal from the PCRA Order Entered December 20, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0000702-2015

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.: **FILED JANUARY 3, 2023**

Appellant, John Antonio Cruz, appeals, *pro se*, from the order entered in the Court of Common Pleas of Lehigh County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

The background and the procedural history of the instant matter are undisputed. Briefly, Allentown Police Officer Stokes received a radio call to respond to a barber shop ("Royal Cuts") for threats involving a handgun. Upon arrival, an employee of the shop informed Officer Stokes that he had been sitting in a chair at the shop with a hot towel over his face when he felt an item being pressed against his forehead. Upon removing the towel, he saw Appellant, a person with whom he used to work at another barber shop ("Sports Cuts"), pressing a handgun to his forehead.

Officer Stokes and other officers went to Sports Cuts looking for Appellant. After entering the shop through the unlocked front and side doors, the officers looked around to locate Appellant, eventually proceeding to the hallway where the bathrooms were located, only to find that one of the two bathrooms was occupied with the door locked. An officer knocked on the occupied bathroom, asking the occupant to come out. At that point, a male voice indicated that he would be out momentarily. Officer Stokes heard rustling inside the bathroom, a couple of flushes of the toilet, and then a loud thump coming from the ceiling tiles. Following the sound of the noise, another officer went into the separate unoccupied bathroom, and within seconds heard a loud clunk and saw the ceiling tile drop about an inch. The officer put his hand on the tile to see what was coming through. As soon as he put his hand on the tile, a handgun fell out, landing on either the toilet or the floor. When Appellant exited the occupied bathroom, the officers proceeded to handcuff him.

After charges were filed against Appellant, Appellant filed a motion to suppress evidence, arguing that he had a reasonable expectation of privacy in the premises of Sports Cuts, and there were no exigent circumstances to justify the warrantless search. **See** Appellant's Motion to Suppress Evidence, 6/22/15, at 2; Appellant's Letter Brief, 7/6/15, at 2-9. After holding a hearing, the trial court denied relief upon finding that: (i) Appellant did not have an expectation of privacy at the barber shop, which was open to the public; (ii) the police had reasonable suspicion and probable cause to detain and arrest

Appellant; (iii) the police obtained valid consent to search the premises; and (iv) the physical evidence obtained by the police was not obtained in violation of the law.  **See** Trial Court Order and Opinion, 10/16/15, at 5-9.

> On May 25, 2016, a jury found [Appellant] guilty of receiving stolen property, terroristic threats, and simple assault, arising out [the incident described above].  The trial court found [Appellant] guilty of person not to possess firearms.  The trial court subsequently sentenced [Cruz] to an aggregate term of 13½ to 27 years in prison.  On July 18, 2017, this Court affirmed [Appellant]'s judgment of sentence, after which [the] Pennsylvania Supreme Court denied allowance of appeal.  **See Commonwealth v. Cruz**, 166 A.3d 1249 (Pa. Super. 2017),[1] **appeal denied**, 180 A.3d 1207 (Pa. 2018).

**Commonwealth v. Cruz**, 1865 EDA 2020, unpublished memorandum, at *1-2 (Pa. Super. filed April 22, 2021) (footnotes omitted).

Appellant filed his first PCRA petition on March 26, 2020, which the PCRA court eventually denied, following a hearing held on August 21, 2020. Appellant appealed, arguing, *inter alia*, that the PCRA court erred in not allowing him to amend his petition to include newly discovered evidence.[2]  We

_____

[1] On direct appeal, Appellant argued that the suppression court erred in holding that Appellant failed to prove he had a legitimate, reasonable expectation of privacy in the unoccupied bathroom, which was open to the public, from which the handgun was seized.  On appeal, however, Appellant did not challenge the trial court's holding to the extent it found that the police obtained valid consent to search the premises.

[2] The newly discovered evidence was relayed to Appellant by Ruben Rodriguez, Appellant's previous employer, "who wrote a letter of support on his behalf, detailing the events of the 'police encounter' that occurred following the underlying incident."  **Cruz**, 1865 EDA 2020, at *5-6.  In this letter, which
*(Footnote Continued Next Page)*

- 3 -

affirmed the PCRA court order dismissing Appellant's first PCRA petition on April 22, 2021. *Id.*[3]

On May 10, 2021, Appellant, *pro se*, filed another PCRA petition, alleging his petition was timely based on newly discovered facts, namely "a letter from his former employer that, according to [Appellant], supports his assertion that the police did not have consent to enter and search the business and also revealed two other individuals that could corroborate [it]." Commonwealth's Brief at 12.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[4] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the

_____

was attached to Appellant's Brief, Rodriguez intimated that the officers pressured him to consent to the search by the officers. However, Appellant failed to acknowledge that Rodriguez, in his letter, clearly stated that he agreed to the search once he was promised by the officers that the search would involve only the two bathrooms. The handgun was found in one of the two bathrooms. So, even in Rodriguez's recitation of facts, Rodriguez consented to the search that resulted to the discovery of the handgun. As such, the letter is of no help to Appellant.

[3] On December 31, 2020, while the appeal was pending, Appellant filed a PCRA petition, which the PCRA court did not address pursuant to Pa.R.A.P. 1701(a).

[4] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. (Frank) Chester***, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first must determine whether this PCRA petition is timely filed. ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).

It is undisputed that the instant petition is facially untimely.[5] However, Appellant argues that it meets the newly discovered facts exception.[6] Appellants argues the newly discovered fact is the receipt of a letter from his former employer, which Appellant interpreted as supporting his assertion that

---

[5] Our Supreme Court denied Appellant's petition for allowance of appeal on January 29, 2018. Appellant, therefore, had ninety days from that date to file a petition for a writ of certiorari with the United States Supreme Court. ***See*** U.S.Sup.Ct.R. 13.1. Because Appellant did not file a petition, his judgment of sentence became final on April 30, 2018. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Appellant had one year from April 30, 2018, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). The instant PCRA petition was filed on May 10, 2021, more than three years from April 30, 2018. The instant petition is, therefore, facially untimely.

[6] The exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim is predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. ***See Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017); Section 9545(b)(1)(ii).

the employer did not consent to the search of the premises, and that two eyewitnesses could attest to the employer's lack of consent to the search.

Both the PCRA court and the Commonwealth noted that this "newly-discovered fact" is far from being unknown to Appellant. Indeed, Appellant "has been aware that his employer purportedly consented to a search of the barbershop since prior to his trial." Commonwealth's Brief at 12-13. Indeed, as noted above, in denying Appellant's motion to suppress, the suppression court found, *inter alia*, that the police obtained valid consent to search the premises. Additionally, the PCRA court noted that "the eyewitnesses in question were Appellant's former co-workers who were present at the time Appellant was arrested." PCRA Court Opinion, 2/23/22, at 6.[7]

We agree with the PCRA court that Appellant failed to plead and prove that the facts upon which his claim is predicated were unknown to Appellant. Accordingly, we conclude that Appellant failed to meet the requirements of the "newly-discovered facts" exception and affirm the order of the PCRA court dismissing Appellant's underlying PCRA petition as untimely.[8] Because the

---

[7] Appellant fails to appreciate that even if consent to search was arguable, the search was legal for other reasons. As noted above, the legality of the search was upheld by this Court. Further, the Supreme Court denied Appellant's request for allocatur review. Thus, a challenge only to consent, when there were other grounds to uphold the search, is of no consequence.

[8] To the extent Appellant focuses on the letter as opposed to the facts upon which his claim is predicated, we note that the "focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source
*(Footnote Continued Next Page)*

underlying PCRA petition is untimely, the merits of the petition cannot be reviewed. **Stokes**, **supra**.[9]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2023

---

for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (emphasis and alteration in original) (citation omitted). Appellant's use of the letter is just "another conduit for the same claim of [consent to the search, which] does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)." **Id**. (citation omitted).

[9] Appellant also argues the PCRA court erred in not holding a hearing on his petition. We disagree. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. **Commonwealth v. Roney**, 79 A.3d 595, 604 (2013) (citation omitted). Pursuant to the Rules of Criminal Procedure, a PCRA court must hold a hearing when a PCRA petition raises any issues of material fact. **See** Pa.R.Crim.P. 908(A)(2)). As explained, we have concluded that Appellant's petition was untimely, and the PCRA court properly determined that it had no jurisdiction to entertain it. Thus, we conclude that the PCRA court did not err in dismissing Appellant's petition without a hearing. **See Marshall**, 947 A.2d at 723.