J-S23015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC MAPLE | : | |
| | : | |
| Appellant | : | No. 2540 EDA 2023 |

Appeal from the PCRA Order Entered August 25, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0704852-2000

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 25, 2024**

Appellant, Eric Maple, appeals *pro se* from the August 25, 2023, order entered in the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The PCRA court summarized the relevant background as follows.

On December 14, 2004, Appellant was sentenced to an aggregate term of life imprisonment after a jury found him guilty of second degree murder, robbery, possession of an instrument of crime (PIC) and conspiracy. Appellant's judgments of sentence were affirmed by the Pennsylvania Superior Court on June 1, 2006 (49 EDA 2005), and on November 1, 2006, the Pennsylvania Supreme Court denied review. On January 30, 2008, Appellant filed a counseled first PCRA, claiming that he was entitled to relief based upon ineffective assistance of trial counsel and violations of his 5th, 6th, 8th and 14th Amendment rights. Following review of Appellant's petition, the Commonwealth's response, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

controlling law and proper notice, on January 7, 2009, the petition was dismissed without a hearing. Dismissal was affirmed on August 11, 2010 (159 EDA 2009), and Appellant's petition for allowance of appeal was denied on March 23, 2011 (506 EAL 2011). On March 16, 2017, Appellant filed a second petition for PCRA relief, claiming that he had located an eyewitness who would testify that Appellant was not the person who shot the victim. Then[,] on April 17, 2017, Appellant filed a writ of habeas corpus claiming that 18 Pa.C.S.[A.] § 1102 is unconstitutional and void for vagueness because the statute fails to provide fair notice that its penalty of life imprisonment is without parole. The [PCRA court] treated the writ as a supplement to his PCRA petition. Following review and appropriate notice, Appellant's second petition was dismissed as untimely on May 19, 2017.

PCRA Court Opinion, 2/26/21, at 1-2 (footnotes omitted).[1]

On November 18, 2019, Appellant filed his third PCRA petition, alleging newly discovered facts. The PCRA court denied relief upon finding that the petition was untimely. *See* PCRA Court Order, 11/23/20. We affirmed. *See Commonwealth v. Maple*, No. 49 EDA 2021, unpublished memorandum (December 7, 2021). Appellant's petition for allowance of appeal was denied on August 2, 2022. *See Commonwealth v. Maple*, No. 91 EAL 2022 (Pa. 2022).

Appellant filed the underlying PCRA petition on October 3, 2022, which the PCRA court dismissed as untimely on August 25, 2023. This appeal followed.

On appeal, Appellant argues that the underlying petition is timely under the governmental interference exception to the PCRA timeliness rules.

_____

[1] PCRA Court Rule 1925(a) Opinion issued in connection with Appellant's third PCRA opinion.

Specifically, Appellant argues that his inability to present the underlying claim was due to our Supreme Court's failure to acknowledge that the procedure to challenge PCRA counsel's ineffectiveness in place up to **Bradley**[2] was "unworkable, ineffective and impracticable." Appellant's Brief at 3. Because **Bradley** now provides a way to address PCRA counsel's ineffectiveness, Appellant urges this Court to apply **Bradley** retroactively to his case, so that he can challenge the ineffectiveness of Appellant's first PCRA counsel, noting that failure to do so would result in miscarriage of justice. We disagree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record and, reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other

_____

[2] **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).

grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

It is undisputed that the underlying petition is facially untimely.[3] The only matter to be discussed is whether Appellant met the requirements of the governmental interference exception. He did not.

"[T]he governmental interference exception—set forth in Section 9545(b)(1)(i) of the PCRA—requires a petitioner to establish that the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" *Commonwealth v. Towles*, 300 A.3d 400, 415 (Pa. 2023) (quoting 42 Pa.C.S.A. § 9545(b)(1)(i)).

In *Bradley*, our Supreme Court extended the opportunity for a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness. Previously, "the sole method by which a petitioner c[ould] challenge the ineffectiveness of his PCRA counsel [wa]s through the filing of a response to the PCRA court's Rule

_____

[3] The record reflects Appellant's judgment of sentence became final on January 30, 2007, ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a); Sup. Ct. R. 13. Appellant had one year from January 30, 2007 to file a timely PCRA petition. His present petition, which was filed in 2022, is therefore facially untimely.

907 dismissal notice." ***Bradley***, 261 A.3d at 386.  The ***Bradley*** Court abandoned that approach, holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Id.*** at 401.

Thus, even before ***Bradley***, petitioners were able to challenge PCRA counsel's effectiveness.  Indeed, Appellant here had the opportunity to do so but decided not to pursue the challenge.  The record shows that the PCRA court, in connection with Appellant's first PCRA petition, issued a Rule 907 notice on November 13, 2008.  However, there is no indication that Appellant ever filed a response challenging the effectiveness of his PCRA counsel.[4]  As such, Appellant fails to show that the courts interfered with the presentation of the claim.

To the extent that Appellant argues that ***Bradley*** is applicable here, the claim is without merit.

Appellant's argument erroneously assume that ***Bradley*** introduced a new constitutional right.  It did not.  "***Bradley*** . . . did not announce a new constitutional right, much less one applicable retroactively." ***Commonwealth v. Ruiz-Figueroa***, 2023 WL 4115626 at *2, unpublished memorandum (Pa. Super. filed June 22, 2023).  ***See also Commonwealth v. Johnson***, 2023

_____

[4] Appellant does not argue otherwise.  Appellant's Brief at 3.

WL 2379233 (Pa. Super. 2023) (unpublished memorandum) (noting "[a]lthough [*Bradley*] did not specifically address the timeliness exception upon which [a]ppellant relies, it is clear *Bradley* did not recognize a new constitutional right," *id.* at *4); *Commonwealth v. Dixon*, 2022 WL 17973240 (Pa. Super. 2022) (unpublished memorandum) (concluding "*Bradley* does not trigger the [newly recognized constitutional right] timeliness exception [because it] is properly understood as a reassessment of appellate procedure in cases involving claims for collateral relief[, and not] a decision by the Pennsylvania Supreme Court which recognizes a new and retroactive constitutional right outside the permissible filing period provided under the PCRA." *Id.* at *3)).[5]

Furthermore, this Court has continually declined to extend the holding of *Bradley* to cases involving untimely petitions, like the instant one. *See*, *e.g.*, *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023) (concluding that "[n]othing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel[.] [Indeed, in *Bradley*, our Supreme Court] unambiguously rejected the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by

---

[5] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

PCRA counsel); *Commonwealth v. Mead*, 2022 WL 984604 (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 284 A.3d 118 (Pa. 2022) (emphasizing that *Bradley* involved a timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition); *Commonwealth v. Morton*, 2023 WL 118686 (Pa. Super. 2023) (unpublished memorandum) (holding that appellant's reliance on *Bradley* does not afford relief in his appeal from the denial of his untimely second PCRA petition); *Commonwealth v. Gurdine*, 2022 WL 576155 (Pa. Super. 2022) (same).

To the extent Appellant's argument can be construed as arguing that the benefits of *Bradley* should be extended to him (or similarly situated petitioners), and that failure to do so would result in some sort of violation of Appellant/petitioners' constitutional rights, the claim is likewise without merit.

> There is no federal constitutional guarantee of post-conviction collateral relief and the procedural due process protections in such proceedings are less stringent than either a criminal trial or direct appeal. [*Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007)] (citing *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). Due process requires that the PCRA process is fundamentally fair. *Id.* (citing *Finley*, 107 S.Ct. at 1994). "Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Id.*

*Commonwealth v. Wharton*, 263 A.3d 561, 571 (Pa. 2021).

Here, as noted above, Appellant was given the opportunity to present his claim of ineffective assistance of PCRA counsel at a meaningful time and in meaningful manner, but he failed to do so. Accordingly, we cannot conclude

- 7 -

that failure to extend **Bradley** beyond its original scope would result in Appellant's claimed constitutional violation.

In light of the foregoing, Appellant is entitled to no relief.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: _10/25/2024_