J-S48020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LANCE ALAN HIXON | |
| Appellant | No. 1492 MDA 2016 |

Appeal from the PCRA Order entered August 11, 2016
In the Court of Common Pleas of 39th District
Fulton County Branch
Criminal Division at No: CP-29-CR-0000260-2011

BEFORE: OTT, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 20, 2017**

Appellant, Lance Alan Hixon, appeals *pro se* from the August 11, 2016 order entered by the Court of Common Pleas of the 39th Judicial District, Fulton County Branch, dismissing as untimely his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The factual and procedural background is undisputed. Briefly, following an incident involving a minor, a jury convicted Appellant of aggravated assault, endangering the welfare of children, and simple assault. On May 7,

_____

[*] Retired Senior Judge assigned to the Superior Court.

2013, the trial court sentenced Appellant to an aggregate term of imprisonment of 60 to 180 months. Appellant did not file post-sentence motions or a direct appeal.

Appellant filed the instant PCRA petition on August 4, 2015, approximately two years after his judgment of sentence became final on June 6, 2013 (*i.e.*, 30 days after the expiration of time for filing an appeal with this Court). Appellant argues his PCRA petition qualifies for the timeliness exception set forth in § 9545(b)(1)(ii) based on his reading of *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). In Appellant's view, *Hopkins* rendered his sentence unconstitutional and illegal.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks

- 2 -

omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (1999)).

As noted, Appellant argues that *Hopkins* qualifies as an exception to the one-year filing deadline under 42 Pa.C.S.A. § 9545(b)(1)(ii). We disagree. In *Hopkins*, the Pennsylvania Supreme Court held that 18 Pa.C.S.A. § 6317, which required a mandatory minimum sentence if certain controlled substances crimes occurred within 1,000 feet of a school, was unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *Hopkins*, 117 A.3d at 249. *Hopkins* was decided on direct appeal, and did not mandate its application to post-conviction proceedings. *Id.* Even if the Supreme Court had said its ruling applied to post-conviction proceedings, Appellant failed to explain how *Hopkins* would be relevant here, since his case does not involve Section 6317. Thus, Appellant's reliance on *Hopkins* is misplaced.

It should also be noted that **Hopkins** is an application of **Alleyne**. **Alleyne**, however, is not applicable to the instant matter because Appellant's case was at the collateral stage when **Alleyne** was decided on June 17, 2013, and **Alleyne** does not apply retroactively to cases on collateral review. **See Commonwealth v. Washington,** 142 A.3d 810, 820 (Pa. 2016) ("We hold that **Alleyne** does not apply retroactively to cases pending on collateral review[.]"). "If [**Alleyne**] does not apply retroactively, then a case extending [**Alleyne**] should not apply retroactively." **Walker v. United States**, 810 F.3d 568, 575 (8th Cir. 2016).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2017