J-A29037-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AARON JOHNSON, | : | |
| | : | |
| Appellant | : | No. 16 EDA 2017 |

Appeal from the PCRA Order November 18, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0704361-1993

BEFORE:     LAZARUS, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:     **FILED DECEMBER 04, 2017**

Aaron Johnson (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court offered the following relevant factual summary and procedural history.

> On October 5, 1994, a jury convicted Appellant of two counts of robbery, two counts of aggravated assault, criminal conspiracy, and carrying firearms on a public street or in a public place in Philadelphia. On November 29, 1994, the trial court sentenced Appellant to an aggregate term of twenty-five to fifty years' imprisonment. Appellant filed a post-sentence motion on December 7, 1994, which was denied on April 14, 1995, by operation of law. Appellant did not pursue direct review. Between 1996 and 2007, Appellant filed three PCRA petitions, which were all denied and later affirmed. On April 11, 2011, Appellant filed [a fourth] *pro se* serial PCRA petition, which the PCRA court denied as untimely [filed] on March 14, 2012, after issuing notice of its

*Retired Senior Judge assigned to the Superior Court.

intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. *Commonwealth v. Johnson*, 97 A.3d 797 (Pa. Super. 2014) (unpublished memorandum at 1).[1]

Appellant filed a notice of appeal to this Court, and we concluded that his April 11, 2011 PCRA petition was untimely filed, and that he failed to prove an exception to the timeliness requirements of the PCRA pursuant to 42 Pa.C.S. § 9545(b)(1). Thus, we affirmed the dismissal of that petition. *Id.*

On April 9, 2015, Appellant filed the PCRA petition at issue in this case. Therein, Appellant asserted his petition was timely filed pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), which provides that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."  Appellant's purported newly-discovered fact was his co-defendant's May 16, 2012 testimony in Appellant's homicide jury trial.  Additionally, Appellant asserted that his sentence was illegal pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013).

The PCRA court reviewed the petition, and concluded that Appellant failed to prove applicability of the time-bar exceptions.  Thus, the court issued

---

[1] On June 30, 2009, the victim whom Appellant shot in the neck during the underlying incident died as a result of that gunshot wound.  Appellant was charged with criminal homicide at CP-51-CR-0003744-2010, and was convicted of first-degree murder following a jury trial on May 14-17, 2012. This Court affirmed Appellant's judgment of sentence in that case. *Commonwealth v. Johnson*, 97 A.3d 799 (Pa. Super. 2014) (unpublished memorandum).

a notice of its intent to dismiss the petition without a hearing. Appellant responded, and on November 18, 2016, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.[2]

Before we reach the arguments Appellant sets forth on appeal, we must determine whether Appellant's petition was timely filed. "The PCRA's time restrictions are jurisdictional in nature." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Id.* (quoting *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005)). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." *Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016).

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment of sentence became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Chester*, 895 A.2d at 522. For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3).

---

[2] Appellant was not ordered to file a statement of errors complained of on appeal, but the PCRA court did file an opinion pursuant to Pa.R.A.P. 1925(a).

The PCRA sets forth the following time requirements for filing a PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545.

The newly-discovered facts exception

has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been

ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

**Brown**, 141 A.3d at 500 (quoting **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (internal quotation marks and citations omitted; emphasis removed)).

Appellant's purported newly-discovered fact does not satisfy the aforementioned requirements. Because Appellant's co-defendant testified at his first trial in 1994, where Appellant was present during his co-defendant's testimony, it is not evident that this allegedly new information "could not have been ascertained by the exercise of due diligence." **Id.** Moreover, even assuming that this new testimony constituted a newly-discovered fact, Appellant became aware of it on May 16, 2012, the day that his co-defendant testified in his 2012 homicide trial. Appellant's instant PCRA petition, filed on April 9, 2015, was not filed within 60 days of that date.

Appellant's attempted invocation of the retroactive-application-of-a-constitutional-right exception to his untimely-filed PCRA petition based on **Alleyne** also fails. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) ("**Alleyne** does not apply retroactively to cases pending on collateral review").[3]

---

[3] Appellant also requests reinstatement of his appellate rights because he was allegedly abandoned by all prior counsel. This claim does not overcome the
(*footnote continued on next page*)

Thus, we conclude that the PCRA court's dismissal of Appellant's PCRA petition was proper and, accordingly, we affirm the PCRA court's November 18, 2016 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/4/2017

---

(*footnote continued*)

untimeliness of Appellant's petition. Appellant has failed to establish due diligence or that the fact of the alleged abandonment was unknown to him, as he previously raised the same claim in prior PCRA petitions. Furthermore, even if Appellant's petition were timely-filed, he is not eligible for relief as Appellant raised this claim in prior PCRA petitions, and this Court addressed those claims. **Commonwealth v. Johnson**, 815 A.2d 1127 (Pa. Super. 2002) (unpublished memorandum at 5-6).