J-S74010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FELIX CALDERON | : | |
| | : | |
| Appellant | : | No. 513 EDA 2017 |

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0801121-1995

BEFORE: BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 27, 2017**

Felix Calderon appeals from the January 5, 2017 order dismissing his PCRA petition as untimely. We affirm.

On January 31, 1977, a jury convicted Appellant of first-degree murder, aggravated assault, and possession of an instrument of crime in connection with the June 29, 1995 shooting death of Ricardo Rosario and wounding of Michael Jennings on A and Indiana Streets in Philadelphia. Witnesses reported at trial that Rosario threatened Appellant with a gun, they struggled, and Appellant retrieved that weapon after Rosario dropped it. When Appellant obtained the firearm, Rosario began to run, but Appellant chased him. After Rosario entered a vehicle occupied by Jennings, Appellant followed him, and then fired multiple shots, killing Rosario and wounding Jennings. Appellant raised a claim of self-defense at trial, which

was rejected by the jurors. Following Appellant's convictions, the court imposed a judgment of sentence of life imprisonment.

While Appellant did not initially file a direct appeal, his right to do so was reinstated *nunc pro tunc*. We affirmed Appellant's judgment of sentence on December 31, 1999, and our Supreme Court denied allowance of appeal on May 25, 2000. **Commonwealth v. Calderon**, 750 A.2d 365 (Pa.Super. 1999) (unpublished memorandum), *appeal denied*, 758 A.2d 1195 (Pa. 2000). On April 24, 2001, Appellant filed his first petition for PCRA relief, averring that he recently discovered a witness, Daniel Audefred, who would have supported Appellant's claimed self-defense. After the appointment of counsel, that petition was denied without a hearing. On appeal, we concluded that the witness's testimony did not establish self-defense since Mr. Audefred, consistent with the witnesses' testimony at trial, reported that the victim was unarmed and was chased by Appellant before Appellant shot him. We affirmed the denial of PCRA relief. **Commonwealth v. Calderon**, 841 A.2d 570 (Pa.Super. 2003) (unpublished memorandum), *appeal denied*, 845 A.2d 816 (Pa. 2004).

On March 15, 2004, Appellant filed a second PCRA petition, which was dismissed as untimely. Appellant filed his third PCRA petition on January 13, 2006, which also was dismissed. We affirmed on appeal **Commonwealth v. Calderon**, 943 A.2d 309 (Pa.Super. 2007) (unpublished memorandum). Therein, we specifically held that, under the PCRA, "Appellant's judgment of

- 2 -

sentence was final on August 23, 2000, ninety days after our Supreme Court denied allowance of appeal." *Id*. at 5.

Appellant filed the present PCRA *pro se* petition on June 14, 2016. Therein, he averred that the petition was timely based upon his recent discovery of new evidence, which consisted of evidence from Manual Rosa. The petition contained Mr. Rosa's certified statement, which indicated the following. Rosario was a violent drug dealer, and, on the day of the incident, Mr. Rosa observed the victim and Appellant engage in a physical altercation. Thereafter, the victim fled, and Appellant chased him. After the two men rounded a corner, Mr. Rosa heard several gunshots. The PCRA court found that the June 14, 2016 petition was untimely, and this appeal followed the petition's dismissal.

Appellant is now represented by counsel, and he presents the following contention: "Whether the PCRA Court committed an error of law when it failed to give the *pro-se* PCRA petition a liberal construction and failed to hold an evidentiary hearing to determine the merits of his claim that he acted in self-defense and is actually innocent of first degree murder?" Appellant's brief at 2. This Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa.Super. 2016) (quoting *Commonwealth v. Treiber,* 121 A.3d 435, 444 (Pa. 2015)). It is now settled law that all PCRA petitions must be filed within one year of the date a defendant's judgment of sentence becomes final

unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted); *see also Commonwealth v. Spotz*, ___ A.3d ___ (Pa. CAP 731 and 734 filed October 18, 2017); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). The PCRA's time constraints are not subject to tolling or other equitable considerations. *Spotz*, *supra*.

There are three recognized exceptions to this one-year time requirement: (1) interference by government officials in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i-iii). The PCRA petitioner has the burden of pleading and proving the existence of the exception invoked. *Spotz*, *supra*. We have previously held that Appellant's judgment of sentence became final on August 23, 2000, and that he had until August 23, 2001 to file a timely petition. The present petition is fifteen years late.

Herein, Appellant invokes the newly-discovered facts exception outlined in § 9545(b)(1)(ii). "To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). Our Supreme Court has articulated that due diligence "does not require perfect vigilance

and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." **Commonwealth v. Cox**, 146 A.3d 221, 230 (Pa. 2016) (citation and quotation marks omitted).

Appellant avers that he filed the present petition within days of obtaining Mr. Rosa's signed statement. While Appellant may well have recently discovered that Mr. Rosa was a witness, he nevertheless fails to satisfy the due diligence aspect of the newly-discovered facts exception. Appellant simply did not prove that he exercised any diligence in ascertaining Mr. Rosa's existence and observation of some of the events on the day of the crime. Appellant did not plead or prove that he put forth reasonable efforts to find Mr. Rosa, and his invocation of §9543(b)(1)(ii) therefore fails. **Commonwealth v. Edmiston**, 65 A.3d 339 (Pa. 2013) (PCRA petitioner did not exercise due diligence in obtaining newly-discovered evidence); **see also Cox**, **supra**.

We also note that Mr. Rosa's statement is merely repetitive of the evidence presented at trial, and it did not establish that Appellant acted in self-defense. All the witnesses have indicated that Rosario initially was armed and confronted Appellant, Rosario dropped his weapon during the ensuing altercation, Appellant obtained the firearm, and the victim fled. Appellant thereafter chased him with the gun and fired at Rosario while Rosario was in a vehicle. Appellant thus decided to shoot the victims when

Appellant readily could have retreated without harm. The PCRA court did not abuse its discretion in dismissing the present PCRA petition, and we affirm.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2017