J-S79009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| LEROY REED | |
| Appellant | No. 682 EDA 2017 |

Appeal from the PCRA Order January 18, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1130761-1988

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 06, 2018**

Appellant, Leroy Reed, appeals *pro se* from the January 18, 2017 order entered in the Court of Common Pleas of Philadelphia County ("PCRA court") dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, as untimely.  Upon review, we affirm.

The instant PCRA petition filed by Appellant is his third PCRA petition. This Court affirmed the denial of Appellant's first PCRA petition on September 16, 1998, and our Supreme Court denied allocator on January 25, 1999.  *See* ***Commonwealth v. Reed***, 735 A.2d 1269 (Pa. 1999); ***Commonwealth v. Reed***, 726 A.2d 1082 (Pa. Super. 1998).  On November 8, 2010, this Court affirmed the dismissal of Appellant's second PCRA petition as untimely.  *See* ***Commonwealth v. Reed***, 3553 EDA 2009 (Pa. Super. November 8, 2010)

(unpublished memorandum). Appellant filed the instant PCRA petition, his third, on August 7, 2012, raising a claim based upon ***Miller v. Alabama***, 567 U.S. 460 (2012).[1]

On February 7, 2014, Appellant filed a supplemental petition challenging his arrest and the lack of sentencing order. The PCRA court issued a Pa.R.Crim. P. 907 notice on November 28, 2016. Appellant failed to respond to this notice and the PCRA court dismissed Appellant's petition on January 18, 2017. Appellant filed a timely notice of appeal on February 14, 2017. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. Nevertheless, the PCRA court issued a Pa.R.A.P. 1925(a) opinion on March 10, 2016.

> Appellant raises two issues on appeal, which we repeat verbatim.
>
> [I.] Did the [PCRA court] err in it's factual findings and conclusions of law when it rejected Appellant's petition when he clearly met one of the exceptions to the time-bar under Pennsylvania Statute 42 Pa.C.S.A. § 9545(B)(1)(ii), which is the new/after discovered evidence exception?
>
> [II.] Did the [PCRA court] err in it's factual findings and conclusion of law when it ruled on an issue that sounds in habeas corpus relief instead of in a [PCRA] setting, when Appellant was challenging not his sentence but his confinement when raising the claim of a sentencing order?

Appellant's Brief at iii (sic).

---

[1] Appellant does not address the ***Miller*** issue in his brief; therefore, the claim is waived. ***See*** Pa.R.A.P. 2119; ***see also Commonwealth v. Cole***, 167 A.3d 49, 73 (Pa. Super. 2017) ("Appellant's failure to adequately develop his argument results in waiver of this issue) (additional citations omitted).

- 2 -

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). These "restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). Further, "an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting *Commonwealth v. Colavita*, 993 A.2d 874, 887 (Pa. 2010)).

There are only three exceptions to the timeliness requirement of the PCRA. These exceptions are

> (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively;

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

- 3 -

In his brief, Appellant claims that the newly discovered fact exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), applies to his third PCRA petition. Appellant alleges that he did not discover until July 20, 2012, after receiving a letter following a Right-to-Know records request for his sentencing order, that the Right-to-Know office could not locate his sentencing order or affidavit of probable cause. Therefore, Appellant claims that he is being unlawfully imprisoned. In order for the newly discovered fact exception to apply, the information must not have been obtainable through due diligence. "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (internal citations omitted). Appellant argues that he exercised due diligence; however, the record belies that assertion because Appellant was sentenced on January 30, 1990. Appellant's petition and brief fail to discuss the 22-year period wherein he failed to obtain this information. Therefore, the PCRA court properly found that Appellant failed to exercise due diligence and the PCRA court was without jurisdiction to hear Appellant's petition.

Next, Appellant asserts that the PCRA court erred because it ruled on an issue sounding in *habeas corpus* rather than under the PCRA. Appellant's claim fails, as the PCRA is "the sole mean of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including ***habeas***

*corpus* and *coram nobis*."  42 Pa.C.S.A. § 9542 (emphasis added).  Therefore,

Appellant's claim fails.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:3/6/18