J-S40018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW ALFRED GALEOTO | : | |
| | : | |
| Appellant | : | No. 2049 EDA 2021 |

Appeal from the PCRA Order Entered August 23, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0003664-2017

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 28, 2023**

Appellant, Matthew Alfred Galeoto, appeals from the August 23, 2021 order entered in the Court of Common Pleas of Chester County, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PRCA"), 42 Pa.C.S.A. §§ 9541-9546. Because Appellant's PCRA petition was untimely filed and he did not plead and prove any exception to the PCRA's time bar, we affirm.

By way of background, as the PCRA court explained, Appellant was arrested on October 2, 2017 and was charged with disarming a law enforcement officer, recklessly endangering another person, and simple assault. "The charges grew out of an incident in the emergency room of Paoli Hospital where the Appellant engaged in a physical confrontation with a guard,

attempted to grab the officer's weapon from its holster, and injured one nurse." Rule 1925(a) Opinion, 11/5/21, at 1.

On August 8, 2018, Appellant entered an open guilty plea to the above charges and was sentenced to two to four years in prison followed by two years of reporting probation. Appellant filed a timely motion to reconsider his sentence. On December 5, 2018, the trial court granted the motion and imposed a reduced sentence of 11½ to 23 months in prison followed by two years of reporting probation. *Id.*

Appellant violated his probation by using drugs and was sentenced to a state intermediate punishment sentence that allowed him to enter a drug treatment program. However, following additional violations and a March 3, 2021 hearing, the trial court imposed a state sentence of 18 to 36 months followed by one year of reporting probation. *Id.* at 1-2. Appellant did not file an appeal with this Court from any sentence imposed. *Id.* at 2.

On July 21, 2021, Appellant filed a counseled PCRA petition in which he acknowledged the judgment of sentence imposed on August 8, 2018. PCRA Petition, 7/12/21, at ¶ 4. Appellant also acknowledged that his PCRA petition was facially untimely. However, he asserted that counsel received numerous medical records in March 2021 that called into question whether Appellant entered a knowing, intelligent, and voluntary guilty plea in August 2018. *Id.* at ¶ 8. Counsel averred "that this material is after discovered evidence that [Appellant] would have relied upon his prior counsel to procure during the

- 2 -

investigation of this matter that should have taken place leading up to what ultimately became a plea." *Id.* at ¶ 9. As such, he suggests, Appellant satisfied the Section 9545(b)(ii) exception to the PCRA's time bar, *i.e.*, that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Id.* at ¶ 13. In addition, he asserts that the petition was filed within one year of the date the claim could have been presented, satisfying Section 9545(b)(2). *Id.* at ¶ 14.

On July 27, 2021, the PCRA court issued a Notice pursuant to Pa.R.Crim.P. 907(1) of its intention to dismiss the petition without a hearing, citing Appellant's late filing of his petition and failure to plead and prove any exception to the PCRA's time bar. Counsel responded by letter dated August 13, 2021, arguing, *inter alia*, that plea counsel "failed his client in not fully investigating the seriousness of his mental health struggles, his suicidal ideations, and his efforts to self medicate." Response to Rule 907 Notice, 8/13/21, at 2. PCRA counsel contended that the "copious medical records [counsel's] office acquired during preparation for [Appellant's] most recent violation hearing" established Appellant's lengthy history of mental health and addiction issues, and that if plea counsel had investigated the mental health condition, he "should have seen clearly that there was at least a defense to be mounted." *Id.*

By order entered August 23, 2021, the PCRA court denied Appellant's petition, remarking in a footnote, "[I]t is clear that the timeliness exception upon which [Appellant] relies is that he was unaware of the material contained within his own medical records. This does not satisfy any of the exceptions and therefore this court is constrained to deny the petition for relief." Order, 8/23/21, at n. 1. In its order, the court directed that "[p]ursuant to Pa.R.Crim.P. 907(4) the Clerk of Court of Chester County is directed to send a copy of this Order to [Appellant] and his attorney by certified mail, return receipt requested." *Id.* at 1.

Appellant filed a notice of appeal on September 24, 2021, leading to the issuance of a Rule by this Court to show cause why the appeal from the August 23, 2021 order should not be quashed as untimely filed. In response, counsel represented that he prepared a notice of appeal on September 22 but was unable to file it, and further that the notice he filed on September 23 was rejected.[1] Response to Rule to Show Cause, 12/9/21, at 1-2 (unnumbered).

---

[1] Counsel attached an email dated September 23 at 3:03 p.m. addressed to him from administrator@pacourts.us indicating that a filing had been rejected, along with a second email dated September 24 at 8:33 a.m., also indicating that a filing was rejected. Counsel did not submit any evidence of any attempt to file an appeal on September 22, the deadline for filing.

By order entered January 26, 2022, the rule was discharged and the issue was referred to this merits panel. In the meantime, Appellant and the PCRA court complied with Rule 1925.[2]

While a notice of appeal filed on September 24, 2021 from an August 23, 2021 order is facially untimely, we decline to quash the appeal on that basis. The PCRA court's order provided, "Pursuant to Pa.R.Crim.P. 907(4), the Clerk of Courts of Chester County is directed to send a copy of this Order **to the defendant and his attorney by certified mail, return receipt requested**." Order, 8/23/21, at 1 (emphasis added). Despite that directive, the docket does not reflect service on Appellant by certified mail, but rather reflects only "eService" on Appellant's counsel. In light of the lack of compliance with Rule 907(4) and the court's order, we decline to quash.

Appellant asks us to consider one issue on appeal:

1. Whether the court erred in dismissing the PCRA petition and whether the effort put forth by trial counsel's conduct was so deficient as to make the Appellant's guilty plea not knowing, intelligent, or voluntary.

Appellant's Brief at 6.

---

[2] We remind counsel for Appellant that a copy of the Rule 1925(b) statement is to be appended to an appellant's brief. **See** Rule 2111(a)(11) and (d). Further, Rule 2111(a)(3) directs the appellant to set forth a statement of both the scope and standard of review. Appellant's Brief, while nominally including the statement of the scope and standard of review, merely provides a statement of the issue raised on appeal. Appellant's Brief at 5.

As our Supreme Court has recognized, "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Here, the PCRA court dismissed Appellant's petition, concluding it was untimely filed.

Because timeliness is separate and distinct from the merits of Appellant's underlying claim, we first determine whether his PCRA petition was timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). If it was not timely, we cannot entertain the review of the substantive claim raised in the petition. *Id.*

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the PCRA court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (cleaned up) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)).

Here, Appellant's sentence was imposed in 2018 and he did not file an appeal to this Court. He did not file a PCRA petition until July 2021. He admits

his petition is facially untimely but contends that his medical records, obtained by counsel in March of 2021, constitute newly-discovered evidence, satisfying Section 9545(b)(ii)'s exception to the time bar. As noted above, the PCRA court rejected Appellant's contention, noting that Appellant cannot claim that his unawareness of material set forth in his own medical records satisfies the after-discovered evidence exception. *See* Order, 8/23/21, at n. 1. In its Rule 1925(a) opinion, the court elaborated, stating:

> In order to overcome the time-bar, Appellant must invoke one of the exceptions that are set forth in the Act. 42 Pa.C.S.A. § 9545. In his PCRA petition, the Appellant asserts that the newly-discovered facts were his own medical records. The Petition fails to plead why he could not have obtained his own medical records. The Petition does not show that he attempted to exercise due diligence to obtain the records. In this particular case, Appellant alleges that he had a medical condition and that there were medical records documenting his condition which was not known to him at the time of the entry of his guilty plea. But the Appellant fails to note that the incident leading to his arrest occurred in a hospital. It cannot be overstated that the medical records that the Appellant now seeks to use as an exception to the timeliness limitation are his own medical records, the existence of which were presumably known to the Appellant in 2018 and the time of his guilty plea. Such a claim does not rise to the level that overcomes the time limitations in that Act.

Rule 1925(a) Opinion, 11/5/21, at 2-3.

We agree. We find the PCRA court's findings of fact are supported by the record and its determination that Appellant has failed to establish an exception to the PCRA's time bar is free of legal error. Therefore, we shall not

consider the merits, if any, of Appellant's claim and we shall not disturb the PCRA court's ruling.[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023

---

[3] We note that Appellant has failed to provide any citation to authority in the argument section of his brief. As this Court has stated, "When an appellant cites no authority supporting an argument, this Court is inclined to believe there is none." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 781 (Pa. Super. 2015) (citing, _inter alia_, Pa.R.A.P. 2119(a) and (b) (requiring an appellant to discuss and cite pertinent authorities)).